No. 2789.

## CASIMERO LIVAR *v.* THE STATE.

1. PRACTICE—BILLS OF EXCEPTION which relate to the competency of evidence, or to rulings of the trial court upon applications for continuance, will not be considered on appeal without a statement of such facts as are necessary to elucidate the exceptions.

2. SAME—JURY LAW.—Ordinarily, the trial court can not excuse a juror summoned upon a special venire until he has appeared and been placed upon his *voir dire*, even though the court has been apprised that he is exempt from jury service, the rule being that his excuse must be claimed and established under oath. But an exception to this rule is when the juror is sick, or so decrepit from bodily infirmity that he can not appear to make his excuse, and in such case his excuse can be made by another, and the court can excuse him in his absence. If the defendant objects or desires to confute the ground of excuse, he should then apply for an attachment against the juror. In this case, the return of the sheriff described the juror as "decrepit," and "over age." Upon this return the court excused the juror, and the defendant objected, but did not sue out process for the production of the juror in court. *Held*, that the action of the court was not error.

3. SAME—PRESUMPTION.—In the absence of a showing to the contrary, the presumption of diligence obtains in favor of an officer charged with the execution of legal process. In this case, the sheriff returns two of the jurors named in the special venire as "not found." The defendant's bill of exceptions to the action of the court holding the return sufficient, fails to disclose the diligence used by the sheriff to execute the process, and hence the presumption must obtain in favor of the officer.

4. SAME.—On his *voir dire* a juror stated that, with respect to the guilt or innocence of the defendant, he had not formed nor expressed an opinion that would disqualify him to try the case; that he had formed an opinion it would require evidence to remove, but he thought he could render a verdict according to the evidence. On further examination, he stated that he "had not formed such opinion as would influence his verdict, and that he could be entirely governed by the law and evidence in court." *Held:* That the juror was qualified.

5. PRACTICE.—The statute which provides an interpreter for a witness who is unable to speak the English language, can not be construed to require of the court an interpreter for the use of a non English speaking defendant.

6. SAME—BILLS OF EXCEPTION in criminal cases are governed by the same rules which obtain in civil cases. In the first place, the excepting party must reduce his bill to writing and present it to the judge, whose duty it then becomes to present the same to the adverse party

or his counsel for inspection, and if the bill be found correct, to file it with the clerk without delay. If the counsel fail to agree, then it becomes the duty of the judge to make such a bill as, in his opinion, will present the question involved, and file it with the clerk. It is only when the judge has made his independent bill that the party may controvert it by procuring the intervention of bystanders. There is no law which requires the judge to act upon bills instanter when presented to him, and before the same has been submitted to the opposing party or counsel. See the opinion on the question.

7. SAME — BILLS OF EXCEPTION involving rulings of the court upon questions of evidence, must be sufficiently explicit to enable this court, on appeal, to fully understand all the facts upon which the correctness or error of the ruling depends; otherwise they will not be considered.

APPEAL from the District Court of Hidalgo. Tried below before the Hon. J. C. Russell.

The appellant was convicted in the first degree and awarded the death penalty, for the murder of Theodore Marx, in Hidalgo county, Texas, on the tenth day of December, 1887.

The record brings up no statement of the facts proved on the trial.

The appellant's sixth bill of exceptions referred to in the opinion, recites that, the defendant being a Mexican, unable to speak the English language, or to make known what he desired to be asked of his witnesses, the court for a time permitted the interpreter sworn in the cause to interpret for him, but at a later stage directed the interpreter not to interpret for the defendant to his counsel any longer, and refused to permit the defendant to ask a question in Spanish of a Mexican witness then on the stand, notwithstanding the defendant had informed the court that he was too poor to employ an interpreter. The court indorsed this bill as follows: "The use of the public interpreter by the defendant and his counsel for consultation was seriously delaying the proceedings of the court. Further, the defendant, in open court, when asked by his counsel what question he wished asked of the witness, answered in English: 'They will not allow me an interpreter. I can not tell you what to ask. You are defending me; you ask her what you want.' Counsel for defendant was furnished with a private interpreter throughout the trial."

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This appeal is from a death penalty imposed by the verdict and judgment in the court below upon a conviction for murder of the first degree.

There are several bills of exception in the record which can not be determined because their materiality and pertinency could only be ascertained by a consideration of them in connection with the facts proven upon the trial, and the record before us contains no statement of the facts established by the evidence at the trial. In this category are the bills numbered 1, 5 and 8, relative to the rulings upon the application for continuance and the admissibility of testimony.

Several bills of exception were reserved to the rulings upon questions which arose upon the selection and organization of the trial jury.

I. When the name of Henry Cass, which was the fourteenth name on the special venire, was reached, he was found to be absent, and defendant immediately applied for and procured an attachment to be issued for him, under provisions of article 618 of the Code of Criminal Procedure. This attachment issued on the eighth of May, and was returned on the ninth, showing that said juror was "a decrepit old man—over age." The impaneling of the jury was not completed until the tenth. Defendant (as we understand the exception) objected on the morning of the tenth to proceeding with the completion of the jury until this juror Cass was produced in court, and his objection was overruled and the jury impaneled without that juror's having been brought into court. "Ordinarily it is not competent for the court to excuse a juror summoned upon a special venire until he has appeared and been sworn to answer questions touching his service and qualifications, even though he may be exempt from jury service and the court apprised of the fact. His excuse, if he has any, must be claimed and established under oath." But there are exceptions to this rule, as, for instance, when one is sick or so decrepit from bodily infirmity as to be unable to appear and present his excuse in person. "In such case he might send his excuse by another, and the court could hear and determine it in his absence. If the defendant is dissatisfied or desires to disprove the fact or ground

of excuse, he should apply for an attachment to have the juror brought forthwith into court." (Code Crim. Proc., art. 621, and note upon the same in Willson's Crim. Stats., sec. 2263, citing Kennedy v. The State, 19 Texas Ct. App., 618; Thompson v. The State, Id., 593.) Now the return of the sheriff upon the attachment for this juror showed him to be over age for jury service, and "decrepit" besides. If the defendant was not satisfied (as the court seems to have been) of the truth of this return, then it was his right to controvert the return by proof, and, upon his showing the probable falsity of the return, he would be entitled to other process to bring the juror in person into court. This course was not pursued, and in the attitude of the question as presented, we are unable to conclude that the action of the court was either illegal, injurious or improper.

II. With regard to the third bill of exceptions, which relates to four of the parties named on the list of the original special venire, the same facts appear to exist with regard to two of the parties named as existed in the case of the juror Cass, which we have just discussed; they "were unable to attend from infirmity." Defendant, if not satisfied that such was the case, should have availed himself of his right to controvert the matter before the court. The return upon the attachment made as to the other two special veniremen, as stated in the explanation of the judge, was that they "could not be found." As to whether the return was sufficient, and showed what, if any, diligence was used by the officer to find them, we are not apprised by the bill of exceptions; and in the absence of such a showing it is impossible for us properly to determine the correctness of the ruling of the court. It is to be presumed that the officer did his whole duty in making the return, and especially so where, as in this case, the sufficiency of the return is not called in question. (Code Crim. Proc., art. 614; Neyland v. The State, 13 Texas Ct. App., 536; Charles v. The State, 13 Texas Ct. App., 658; Rodrigues v. The State, 23 Texas Ct. App., 503; Murray v. The State, 21 Texas Ct. App., 466; Powers v. The State, 23 Texas Ct. App., 42; Willson's Crim. Stats., sec. 2252.)

III. All of defendant's peremptory challenges were exhausted before the jury was completed, and he claims in his bill of exceptions No. 4 that, after said challenges had been exhausted, an objectionable juror was forced upon him. But the

exception is not a complaint as to this objectionable juror who sat upon the trial, nor does it set forth what were the grounds, if any, of the objections to said juror. The exception is directed to the ruling of the court as to a juror who had theretofore been challenged for cause by defendant, but held competent by the court, and upon whom in consequence defendant was compelled to exhaust one of his peremptory challenges. It is contended that the court erred in holding the said juror competent, and in thus compelling defendant to challenge him peremptorily. On his *voir dire* the juror had stated that he had not formed and expressed such an opinion as to the guilt or innocence of defendant as would influence him in his action in finding his verdict. On further examination by defendant he stated that he had formed such opinion as that it would require evidence to remove it, but that he thought he could render a verdict according to the evidence. In his explanation and modification of the bill of exceptions the learned trial judge says that the juror, when again cross examined by the court, " stated that he had not formed such opinion as would influence his verdict, and that he could be entirely governed by the law and evidence in court." (Steagald's case, 22 Texas Ct. App., 464. presents a parallel case and the juror was there held competent. See that case and authorities cited.)

IV. The explanation given by the court to the sixth bill of exception is a sufficient answer to the matter complained of. (Code Crim. Proc., art. 756.) There is no law requiring the court to furnish a defendant with an interpreter on his trial.

V. In the seventh bill of exceptions it is stated that, after defendant had prepared his bills of exceptions, he presented them "to the court with the request that the court act upon them at once in order that, should the court refuse to sign the same, bystanders could be called on to establish the facts. The court declined to act upon said bills, saying that he would present them to the district attorney at recess, and then act upon them; that, if defendant desired, he could then take the statements of the bystanders in anticipation of the action of the court." To this action and refusal of the court defendant objected.

Bills of exception in criminal are governed by the same rules as prescribed in civil cases. (Code Crim. Proc., art. 686.) In civil cases the practice prescribed is that, after the party proposing to take the bill has reduced it to writing, he shall pre-

sent it to the judge, and "it shall be the duty of the judge to submit such bill of exceptions to the adverse party, or his counsel, if in attendance on the court, and if the same is found to be correct, it shall be signed by the judge without delay, and filed with the clerk during the term." If the bill is not correct, the party or his counsel are afforded by the judge an opportunity to correct the same as the latter may suggest, and upon the refusal of the party or his counsel to make or agree to such corrections, then the judge shall make out, sign and have filed "such a bill of exceptions as will, in his opinion, present the ruling of the court in that behalf as it actually occurred." It is only where the judge has made out his own independent bill, as above provided, and filed it, that the party may controvert such bill by procuring three respectable bystanders to attest the correctness of the original bill as presented by the party to the judge. (Rev. Stats., arts. 1363–1367;) The judge is required to sign the bill without delay after it has been submitted to the opposite party and found to be correct. We know of no rule requiring him to sign and approve it until his duties as above prescribed have been performed, viz., until *he* has submitted it to the adverse party and it has been found to be correct. No unnecessary delay in the action of the judge is in the slightest degree evidenced by the facts stated in the bill of exceptions; on the contrary he appears to have been performing his duty promptly and strictly in accordance with the law (Willson's Crim. Stats., sec. 2369); nor does it appear that defendant has been deprived of any of his exceptions.

VI. The eighth bill of exceptions is taken to the admission in evidence, over objection by defendant, of certain small strips of paper "written in bad Spanish, and without names or any signature." What was written on these strips of paper, nor the translation nor the substance is anywhere stated in the bill. A bill of exceptions to the admission or rejection of testimony should be sufficiently explicit "as to enable the court to fully understand and know all the facts on which the correctness or error of the ruling depends." (Whitaker v. Gee, 61 Texas, 217; Eldridge v. The State, 12 Texas Ct. App., 208; Davis v. The State, 14 Texas Ct. App., 645; Walker v. the State, 19 Texas Ct. App., 176; Hennessy v. The State, 23 Texas Ct. App., 340.)

As we have before stated, there is no statement of facts in this record, and there is, therefore, nothing to which we can

refer to supply the omissions and deficiencies in the bill of exceptions. As presented, the matter complained of is too indefinite and uncertain to admit of its discussion intelligently.

In view of the gravity of the punishment imposed upon this appellant, we have given the questions submitted by his counsel in the record (without accompanying argument or brief) our most careful consideration, and we have neither found in them or any other matter contained in the record any error which requires of us a reversal of the judgment in this case. It is, therefore, in all things affirmed.

*Affirmed.*

Opinion delivered October 10, 1888.