## Bessie Miller, alias Bessie Saunders, v. The State.

### No. 3279.    Decided October 14, 1914.

**1.—Theft from Person—Special Venire.**

Where defendant was charged with theft from the person, and, in another count, with robbery, and defendant asked that a special venire be ordered, whereupon the county attorney dismissed the count charging robbery and placed defendant on trial for theft from the person, there was no error.

**2.—Same—Jury and Jury Law—Bill of Exceptions.**

In the absence of a bill of exceptions to the court's action in excusing jurors and instructing the sheriff to summon others, the matter can not be reviewed on appeal.

**3.—Same—Continuance—Want of Diligence.**

Where defendant's application for a continuance showed a want of diligence, there was no error in overruling same.

**4.—Same—Evidence—Bill of Exceptions—Moral Turpitude.**

Where the bill of exceptions did not show that the testimony on the question of moral turpitude was inadmissible, there was no error.

**5.—Same—Trial Judge—Bills of Exception.**

Bills of exception should have been presented to the judge who tried the case for his approval, and not to his successor in office.

Appeal from the District Court of Tarrant. Tried below before the Hon. Marvin H. Brown.

Appeal from a conviction of theft from person; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of theft from the person, and her punishment assessed at three years confinement in the State penitentiary.

The indictment contained three counts charging both theft from the person and robbery. As two counts in the indictment charged robbery appellant asked that a special venire be ordered to try her. The

county attorney dismissed the counts charging robbery, and she was placed on trial only on the count charging theft from the person. Under such circumstances there was no error in the court refusing to summon a special venire from which to select a jury. In another bill it is shown that appellant objected to the court excusing jurors and instructing the sheriff to summon others. As it is not attempted to be shown by the bill that the court acted improperly in excusing the jurors, the bill presents no error.

There was no error in overruling the application for a continuance. Appellant was indicted February 23rd, and her case was not called for trial until the 28th day of March. The application to continue was on account of the absence of the husband, whom she alleges resided in Fort Worth, and no reason is stated why his attendance could not be secured, if she really desired his attendance. At least diligence had not been used to have him summoned.

The bill of exceptions in regard to the testimony of the witness Clark does not contain sufficient allegations to enable us to properly review it. It is true it recites that Mr. Clark testified that he had frequently arrested appellant on various charges prior to the arrest in this case. If the defendant testified on the trial, and she had been arrested on charges of felony or cases involving moral turpitude, such testimony was properly admitted as affecting her credit as a witness. The bill does not negative the fact that the charges on which she had prior thereto been arrested were not cases of the grade of felony, or did not involve showing moral turpitude.

These are the bills in the record, and they really are not verified properly. The case was tried before Hon. Marvin Brown, district judge, and the bills are approved by Hon. R. H. Buck, district judge. The bills should have been presented to the judge who tried the case for his approval, or proven up by bystanders.

The judgment is affirmed.

*Affirmed.*