## Grant Hill v. The State.

### No. 7527.    Decided October 31, 1923.

#### 1.—Assault to Rape—Continuance—Want of Diligence.

Where the application for continuance showed a want of diligence, and was not supported by affidavit, the same was properly overruled; besides, the absent testimony would be of an impeaching character only, and some of the witnesses could not be located.

#### 2.—Same—Sufficiency of the Evidence.

Where, upon trial of assault with intent to rape, the evidence was sufficient to support the conviction, there was no error.

Appeal from the District Court of Newton. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of assault with intent to rape; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*J. B. Forse* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—From a conviction in the District Court of Newton County for assault to rape with a penalty of three years, appellant appeals.

The record contains only two bills of exception, the first of which is to the action of the court in refusing to grant appellant a continuance. An examination of the record discloses that the indictment herein was returned March 16, 1922, and that the case was called for trial on August 24th following. It is alleged in the application for continuance that process was applied for, for the absent witnesses on August 14, 1922, but no copy of any process or the substance thereof, or the returns thereon appears in the record, and the only thing upon which this court can rely in considering the allegation of the application that process was issued, is the unsupported statement of the appellant therein. This has been held not sufficient. Clark v. State, 61 Texas Crim. Rep., 597. This court has also held that for one to wait the length of time from the date of indictment to that alleged in the application herein, for the issuance of process for his witnesses, is not diligence. Dean v. State, 29 S. W. Rep., 477; Miller v. State, 74 Texas Crim Rep., 648, 169 S. W. Rep., 1164; Yelton v. State, 75 Texas Crim. Rep., 38, 170 S. W. Rep., 318.

If for any reason this court should examine the application, it would be observed that the witness Matilda Gatlin was sought only for impeachment purposes. Many cases are cited in Branch's Ann. P. C., Sec. 324, sustaining the proposition that an application will not be granted for the purpose of obtaining witnesses solely upon impeachment. The other two witnesses whose testimony is set out in the application appear from its averments to be out of the county, one of them being in another state, and it is stated that appellant does not know where they are. There is no allegation of when they are expected to return, if ever, and cases will not be continued upon allegations of this character.

The other bill of exceptions is to the action of the court in overruling appellant's motion for new trial. In the motion appellant sets out only the error of the overruling of his application for continuance and the lack of sufficient testimony to support the conviction. Prosecutrix was a negro girl under the age of consent and she testified that on the occasion in question at night appellant caught her and choked her and dragged her off the road and tussled with her and tried to get her dress up and that she scratched and kicked and finally got loose from him and ran. The court below submitted the issue both of aggravated assault and rape in a manner acceptable to the appellant, for there appears no exception to the charge. We do not think this bill of exceptions shows error.

Not being able to agree with appellant's contentions, an affirmance will be ordered.

*Affirmed.*