## JOHN CARR v. THE STATE.

### No. 9054. Delivered Jan. 28, 1925.

### No motion for rehearing filed.

1.—Burglary—Confessions—Voluntary—Question for Jury.

When the voluntary character of a confession of appellant introduced by the state, is brought into question, it is the duty of the court to submit that issue to the jury and to instruct them that unless they find beyond a reasonable doubt that the confession was voluntarily made, it must not be considered by them for any purpose. In this case appellant presented a special charge, affirmatively presenting this issue from the defendant's standpoint, as it was presented in the evidence. This requested instruction should have been given.

2.—Same—Evidence—Cross-Examination of Appellant—Improper.

On cross examination of appellant, he was asked by the district attorney, about a previous conviction for some offense. The court sustained appellant's objection to the question, but in the face of such ruling, the district attorney persisted in asking appellant if he had not pleaded guilty, and spent ninety days in jail, which question was answered in the affirmative. This was improper, the district attorney should have obeyed the ruling of the court and desisted from pursuing the matter when the objection was sustained. If the conviction enquired about was not for a felony, or a misdemeanor involving moral turpitude, the state had no right to inquire into it.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for burglary; penalty, two years in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—The offense is burglary with the punishment assessed at three years in the penitentiary.

The State identified and introduced in evidence a confession made by appellant while under arrest. While the State was developing its case in chief Mr. Britton, the City Marshal of Hamlin, testified to having seen appellant sign the confession in question, to being present at the time it was taken, and that the warning was given by W. J. Brians, the Justice of the Peace. He then stated over appellant's objection that the statement was *"voluntarily made,"* the objection being that the answer called for an opinion and conclusion of the witness upon one of the very issues the jury was called upon to determine. Britton did not at this time undertake to state the facts incident to securing the confession. Upon that point appellant testified on direct examination as follows:

"I asked Mr. Britton did I have to make a statement and he said yes, by the law I had to make a statement; I told him I didn't want to make a statement until seen a lawyer; and also in the Justice of the Peace office he said I didn't have to make a statement but I had to answer Mr. Britton's questions. I told Judge Brians that I didn't want to make a statement; he told me I didn't have to make a statement but I had to answer Mr. Britton's questions."

Upon cross-examination appellant further testified:

"Judge Brians told me I didn't have to make any statement but I had to answer Mr. Britton's questions. * * * I answered Mr. Britton's questions, he told me I had to answer Mr. Britton's questions, that is what Judge Brians told me."

The witness Britton then being recalled by the State testified in substance that he told appellant he wanted a statement, and that Judge Brians warned him in the presence of Mr. Calhoun, the assistant county attorney; that Mr. Calhoun being busy with other affairs said to him (Britton): "You go ahead and ask the questions, you know all about the case," and that Judge Brians then said to appellant, "You go ahead and answer Mr. Britton's questions;" that Judge Brians did not say anything about appellant having to answer Britton's questions, he just told him to answer the questions after he had warned appellant. Brians did not testify.

After calling the jury's attention to the confession which had been introduced in evidence the learned trial judge charged the jury that the statements contained therein would not be admissible against appllant unless they had been freely and voluntarily made, and that if the jury entertained a reasonable doubt upon this issue they would not consider any of such statements for any purpose. Attorney representing appellant requested the court to give a special charge the substance

of which was that if Brians had informed appellant that he did not have
to make any statement but that he did have to answer all questions
which migh be asked him by Britton, and that appellant believed he
did have to answer such questions, and that so believing he answered
Britton's questions, and that thereafter the confession was made up and
reduced to writing from the questions so asked and the answers given
them in that event the statement would not be a voluntary statement
upon the part of appellant and would be inadmissible, and that if the
jury found the confession was made under such circumstances or if
they had a reasonable doubt thereof it should not be considered by them
for any purpose. This charge was refused. In declining to give it or
one of similar import we think the learned trial judge fell into error.
Britton had testified over appellant's objection that the confession
had been voluntarily made. This evidence was before the jury for
their consideration in connection with appellant's testimony upon that
issue and the further evidence of Britton when he was recalled. The
jury were properly told they should not consider the confession un-
less they believed it was freely and voluntarily made, but there is no
charge given them advising when a statement would be voluntarily
or otherwise. Upon another trial the officer should not be permitted to
state his conclusion that the confession was voluntarily made, but
should be confined to stating the facts relative thereto, and leave the
question of whether or not it was voluntariy to be determined by the
court and jury.

In view of another trial we call attention to another matter. The
bill presenting it is not sufficient as it now appears in the record to
base a reversal upon. It does indicate however that upon the cross-
examination of appellant the district attorney asked him something
about a previous conviction for some offense, the bill being defective
in not stating what this was. It shows that the court had sustained
appellant's objection to this course of inquiry, but that in the face of
such ruling he district attorney persisted in asking appellant if he had
not pleaded guilty and spent ninety days in jail, which question was
answered in the affirmative. We gather from the bill enough to know
that he learned trial judge thought the district attorney was inquiring
about a matter which was improper. This being true the representa-
tive of the State ought to have desisted. If the conviction inquired
about was not for a felony or for a misdemeanor involving moral
turpitude the state had no right to inquire into it.

For the failure of the court to give the special charge requested the
judgment must be reversed and the cause remanded.

*Reversed and remanded.*