## SAM REES v. THE STATE.

No. 8961.   Delivered Oct. 14, 1925.

Rehearing denied State, Jan. 13, 1926.

### 1.—Sale of Intoxicating Liquor—Evidence—Cross-Examination—Improperly Denied.

Where on cross-examination of the state's main witness by appellant, he volunteered the statement that the defendant was a very bad man, and that he had been so informed by many people, it was error for the court to refuse to permit appellant to cross-examine witness on this volunteered statement and to ask him to state the names of those whom he had heard say that appellant was a bad man. It is clear to us that in this action the trial court unduly restricted a proper cross-examination of the witness.

### 2.—Same—Evidence—Motive of Third Parties—Not Admissible.

It is a well settled rule in this State that an appellant will not be, bound by the undisclosed motives and purposes of another party, and the trial court erred in permitting the state to ask the witness Smith what prompted him to leave Beeville the day following the day he bought the liquor from the appellant.

### 3—Same—Evidence—Hearsay—Inadmissible.

Where the state was permitted to prove by its main witness Smith, that after he had bought whisky from appellant, one Coots McKinney told him that he had better leave town, that his life wasn't worth a dime in this man's town, and that the bunch would kill him if he didn't leave town, and not come back, and that he did leave. Without regard to the court's qualification, the admission of this hearsay and damaging testimony demands the reversal of the case. Following Nader v. State, 86 Tex. Crim. Rep. 428.

### 4.—Same—Evidence—Opinion of Witness—Erroneously Admitted.

Where the State was permitted to recall a character witness of the appellant and to prove by him that when he testified that appellant's general reputation was good, that he did not desire to leave any impression as to whether he thought the defendant in this particular case was either guilty or innocent, a serious error was committed. Under our laws, the jury are the exclusive judges of the facts proved, the credibility of the witnesses and of the weight to be given their testimony, and it has never been held that a witness may testify as to what his desire is, concerning. the impression his testimony should make on the jury.

### ON REHEARING.

### 4.—Same—Indictment—Motion to Abate—Erroneously Denied.

On motion for rehearing by the State, we discover no error in our

original opinion. Under the opinion of this court in the case of Jaurez v. State No. 8959, decided Nov. 25, 1925, where the identical question before us was decided, and under the authority of the Jaurez case, we hold that the learned trial court was in error in sustaining the state's exception to the defendant's plea in abatement and motion to quash the indictment.

Appeal from the District Court of Bee County. Tried before the Hon. T. M. Cox, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Bee County for the offense of selling intoxicating liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

The sale is alleged to have been made to one Vance A. Smith. Bill of exceptions No. 3 shows that while the witness Vance A. Smith was on the stand and after he had testified in behalf of the State and was being cross-examined by the appellant, the witness stated that a number of people had told him that the appellant was a very bad man and that the defendant's attorney could get that information from people up and down the street, whereupon the appellant's counsel asked the witness who the people were who had told him that the defendant was a bad man and to which question the State objected for various reasons and which objection by the State was sustained by the court. The court undertakes to qualify this bill by attaching thereto the questions and answers of this witness covering some three or four pages. The summary of the court's qualification seems to be to the effect that the witness did not state as set forth in said bill that Rees was a bad man but did state that counsel for the defendant could find out from people up and down the street that Sam Rees was a bad egg. We think the qualification attached to the bill in no wise detracts from the force of the bill as presented by the appellant. We see no reason why the witness should not have been permitted to state the names of the people who had given him this information. It is true that the matter was immaterial, and ought not to

have been gone into, but on the other hand, the witness had volunteered this information in response to counsel for the appellant's questions about other matters and having thus brought the matter before the jury, it was certainly the appellant's right to break the force of it if he was able to do so by showing that the witness could not name any persons who had given him any such information. It is very clear to our minds that in sustaining the State's objection, the court unduly restricted a proper and legitimate cross-examination of this witness.

By bill of exception No. 4 objection is preserved to the court's action in permitting the State to ask the witness Smith what prompted him to leave Beeville the day following the day he bought this liquor. While this bill is not in a condition to warrant a reversal of the case on account of the matter complained of, yet we may observe in passing that it is a well settled rule in this State that an appellant will not be bound by the undisclosed motives and purposes of another party which might offer a defensive theory.

By bill of exceptions No. 6 complaint is made at the court's action in permitting the witness Smith to testify over the objection of the appellant that on the day following the day that he testified he bought whiskey from Rees that he left town because he was scared and because Coots McKinney told him that he had better leave town, that his life wasn't worth a dime in this man's town, and that said McKinney told him that that bunch would kill him if he didn't leave town and that he had better get out and not come back. The court qualifies this bill by stating that prior to the proceedings set forth in this bill, on cross examination, the witness Smith in response to questions by counsel for appellant had testified that after the night of the occasion in question he left town going to San Antonio and thence to Laredo and thence crossing the river into Mexico, thence to Laredo, where he was arrested for being drunk, and in response to the question, "Didn't the officer who arrested you tell you that you were being arrested for rape?" the witness replied in the negative, and stated that the day after his arrest the sheriff at Laredo told him that he was arrested for rape, and that he was kept in jail at Laredo until Sheriff Malone came and brought him back to Beeville. The court further qualifies the bill by saying "the Coots McKinney referred to in the defendant's said foregoing bill of exception was a witness for the defendant in this case, and testified in behalf of the defendant on this trial." This testimony was clearly hearsay and

manifestly highly prejudicial and inimicable to the very spirit of a fair and impartial trial in this case. There is no suggestion in the court's qualification of the bill or anywhere else in the record that the appellant knew anything about or was a party to the conversation between McKinney and the witness Smith; and there is no suggestion in the court's qualification of the bill that it was offered on the theory of attempting to impeach the witness McKinney. Under these circumstances, we think it clear that the matter presents reversible error. Nader v. State, 86 Tex. Crim. Rep. 424.

Bill of exceptions No. 8 complains at the court's action in permitting the district attorney to interrogate the defendant as to what was the nature of his defense in a pistol case for which he had been tried at a prior time. It is not clear to our minds that the testimony concerning the carrying of a pistol was admissible at all. It is well settled in this State that a defendant, or any other witness, cannot be legally impeached by proof that he was arrested for or charged with or convicted of a misdemeanor that does not involve moral turpitude. Branch's P. C. p. 102. It is also well settled that a defendant or any other witness cannot be legally impeached by proof that he was arrested for or charged with or convicted for the misdemeanor of unlawfully carrying arms, it not being a misdemeanor imputing moral turpitude. Britton v. State, 36 Tex. Crim. Rep. 411, 37, S. W. 758; Baine, 38 Tex. Crim. Rep. 635, 44 S. W. 518; Caldwell v. State, 106 S. W. 343. We suggest therefore, that on another trial of the case that the question as to whether or not the appellant had heretofore been convicted of carrying a pistol should be eliminated from this record.

Bill of exceptions No. 12 complains at the action of the court in permitting the district attorney to recall J. T. Ballard, a witness for the defendant who had given testimony favorable to the defendant's good reputation and to ask Ballard the following question: "Mr. Ballard, when you were on the stand yesterday evening and testifying, was it your desire to leave any impression concerning whether you thought the defendant in this particular case either guilty or innocent?" and to which question the witness answered, "that it was not his desire to convey any impression as to whether he thought the defendant in this particular case either guilty or innocent." The court undertakes to qualify this bill by stating that after the witness had testified to the good character of the defendant and after he had been cross-examined by the State that on redirect exam-

ination in response to a question from counsel for the defendant, the witness had stated that his attitude was simply to do justice as a witness and that he wouldn't prosecute anybody because they didn't belong to the Klan. Just how this explanation of the court explains or offers an excuse for the admission of the testimony complained of is not manifest to us. Simply because the witness had indicated that he was not unfriendly to a person who did not belong to the Klan would not in our judgment authorize or justify the State to break the force of the witness' testimony to the effect that the appellant's reputation was good by requiring him to testify that he did not desire to leave any impression concerning the guilt or innocence of the defendant in this case. It has always been and is still the law of this State that the jury is the exclusive judges of the facts proved, the credibility of the witnesses and the weight to be given to their testimony, and we refuse to give our sanction to the doctrine that a witness may be permitted to testify as to what his desire is concerning the impression that his testimony should make on the jury.

There are many other complaints contained in this record, but in view of the fact that they may not occur on another trial of the case, a discussion of them is deemed unnecessary.

For the errors above discussed, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—The State has filed a very able motion for rehearing in this case in which complaint is made at the action of this court in reversing this case, same challenging each conclusion reached on which a reversal was based. Same has had our very careful consideration and we find ourselves unable to agree with the State's contention.

In addition to the reasons stated in the original opinion as to why the case should be reversed, it is proper to say that the question decided in the case of Antonio Jaurez, No. 8959, decided by this court on November 25, 1925, is raised in practically the same form in this case and under the authority of the Jaurez case we hold that the learned trial court was in error

in sustaining the State's exceptions to the defendant's plea in abatement and motion to quash the indictment.

The State's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court. .