### JOE MONSUER V. THE STATE.

No. 10813.   Delivered March 30, 1927.

**Passing Forged Instrument—Evidence—Impeaching Defendant—Improper.**

Where, on a trial for forgery, the state was permitted on cross-examination, and over his objection, to prove that appellant had been in jail for other offenses, this error will necessitate the reversal of the case. The state is limited in this character of inquiry to proof that appellant had been charged with a felony, or misdemeanor involving moral turpitude. Following Carr v. State, 268 S. W. 468; Rees v. State, 278 S. W. 843.

Appeal from the District Court of Shelby County.   Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for passing a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

*Dallas Ivey* of Center, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully passing a forged instrument, and his punishment assessed at penalty two years in the penitentiary.

It was the contention of the state that the appellant knowingly passed as true a forged check to E. W. Walker, said check purporting to be payable to B. Ellis and purporting to be signed by J. B. Stmo, and that the maker and payee on said check were fictitious persons. The appellant defended upon the ground, and so testified and introduced other evidence in support thereof, that he was unable to read and write; that the check in question was given to him by his uncle, J. B. Stmo, of Mansfield, La., in payment of a debt due him; that the signature on said

check was that of his uncle; and that in passing said check he had no intention to defraud the said E. W. Walker.

The record contains thirteen bills of exception complaining of the statements and argument of the District Attorney and the refusal of the court to compel the state to elect on which count of the indictment it relied for a conviction. In view of the verdict and the disposition we have made of this case, we deem it unnecessary to discuss any of said bills except No. 10.

In bill of exception No. 10 complaint is made to the action of the court in permitting the County Attorney to force appellant to testify on cross-examination, over his objection, that he had been in jail for other offenses beside the one for which he was on trial. The objection urged to this testimony is that the state should have been limited in this inquiry to charges of felonies and misdemeanors involving moral turpitude, and that the testimony elicited by the state was prejudicial to the rights of the appellant and his defense herein. We are of the opinion that the appellant's contention will have to be sustained, and that the trial court fell into error in admitting this testimony. Carr v. State, 268 S. W. 468; Rees v. State, 278 S. W. 843. The court's qualification to this bill, to the effect that no evidence as to whether defendant had ever been tried or convicted of anything except the charge for which he was being tried went to the jury, does not in any manner reach the objection urged or cure the incompetent testimony admitted.

For the reason above stated, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.