HALE GRIFFIN v. THE STATE.

No. 14784. Delivered January 20, 1932.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for three years.

Appellant challenges the sufficiency of the evidence. It appears from the state's testimony that a state ranger went to a filling station on a highway near the town of Coleman on the 28th of May, 1929; that he purchased a bottle of beer and that the seller poured some white whisky into the beer; that he purchased a pint of whisky from the seller, which was poured out of a gallon bottle filled with whisky; that the seller told him his name was Bill Hambright; that thereafter Bill Hambright was indicted and brought to trial for selling the ranger the whisky; that when the ranger was called upon to identify Hambright as the seller he declared he was not the man who sold him the liquor; that appellant was present outside of the court room during Hambright's trial, and the ranger stepped outside and identified appellant as the seller. It further appears from the state's testimony that appellant worked at the filling station described by the ranger, although appellant's testimony was to the effect that Bill Hambright ran the filling station. The present trial was had on May 22, 1931, which was approximately two years after the date of the alleged sale. Appellant offered several witnesses who testified that he was ill at the time of alleged sale and had not been at the filling station for several days. Among these witnesses was the physician who treated him. The ranger had never seen appellant prior to the date of the alleged sale. Appellant's testimony was further to the effect that Bill Hambright was running the filling station on the day of the alleged sale. Apparently the ranger made no attempt to arrest the seller of the liquor, and secured no warrant for the search of the filling station. The record fails to disclose the date upon which the indictment was returned against Bill Hambright. The record shows that when the ranger testified upon the trial of Hambright that he (Hambright) was not the man who sold him the liquor, the jury were instructed by the court to return a verdict of not guilty. In view of the fact that the case must be reversed because of the matters hereinafter discussed, we pretermit further discussion of the evidence, and express no opinion as ot its sufficiency.

Appellant's witness J. E. Glazener, as disclosed by bill of exception No. 7, testified that on May 28, the date of the alleged sale, he saw appellant in the town of Coleman in his home and that he was sick. The filling station was several miles from this place. Upon cross-examination, the district attorney asked the witness if he had not paid some fines

in the courts of Coleman, Texas, for "cold checking." Appellant objected at the time this testimony was sought to be elicited on the ground that the offense inquired about did not involve moral turpitude and was not a felony. The objection was overruled and the witness answered that he had paid fines for "cold checking". As diclosed by bill of exception No. 3, appellant's witness Don Jennings testified, in effect, that the state ranger was unable to identify appellant outside of the court room until the cheriff called appellant's name. The state asked the witness on cross-examination if he had not paid some fines in Coleman county for "cold checking". Appellant interposed the same objection to this testimony as shown in bill of exception No. 7. The objection was overruled and the witness answered that he had paid such fines. The witnesses referred to in the two bills of exception gave testimony material to appellant's defense. We know of no such offense as "cold checking". In the condition in which we find the record it merely shows that the witnesses had paid some fines. Appellant's objection on the ground that it was not shown that the offenses involved moral turpitude should have been sustained. If the offenses inquired about were misdemeanors involving moral turpitude, it was proper for the state to elicit the information from the witnesses that they had been convicted for such offenses. It is the rule that the accused or any other witness, if the impeaching testimony is not too remote, may be impeached by the adverse party by proving by the witness on cross-examination that he had been indicted or convicted, or that he was then under indictment for a felony or for a misdemeanor imputing moral turpitude. Branch's Annotated Penal Code, sec. 167; White v. State, 61 Texas Crim. Rep., 498, 135 S. W., 563. The offenses the witnesses were required to testify about not being shown to be a felony or to be a misdemeanor involving moral turpitude, we are constrained to hold that the bills of exception manifest reversible error.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.