BUD SHARP V. THE STATE.

No. 14734. Delivered April 13, 1932.
Rehearing Denied June 1, 1932.
Reported in 49 S. W. (2d) 1103.

The opinion states the case.

*Newman & McCollum,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Possession of intoxicating liquor for the purpose of sale is the offense; the punishment, two years in the penitentiary.

The indictment in this case contained a number of counts. The only count in the indictment submitted to the jury was the count which charged the appellant with the unlawful possession for the purpose of sale of intoxicating liquor, to-wit: whisky.

One of the witnesses for the state, Doc Wyres, testified that he had known the defendant, Bud Sharp, for six or eight years. He further testified that Gus Featherstone, Will Davenport, and Will Jordan met with him in his room at the Queen hotel on the afternoon of March 15th, 1930, and he first saw the appellant on that occasion over on the corner of Moffit's store, and he called him over to where he was and asked him about getting a drink, and the appellant told him "Yes," that he could get it; that he then went back to the room and the appellant came to his room and delivered a pint of whisky to him; that the appellant had the liquor in his shirt and he pulled it out and delivered it to him; that there was some money paid to the appellant for the whisky and he thought it was $2; that some of the liquor was drunk and some of these men got drunk that evening.

The witness, Leslie Davenport, also testified for the state that he

knew the defendant, Bud Sharp, and he knew the witness Doc Wyres, and on or about the 15th day of March, 1930, he saw the witness, Doc Wyres, Gus Featherstone, and Will Jordan in the room of the witness Wyres in the Queen hotel in Brady; that he met them in that room about 3 or 4 o'clock and he saw the appellant, Bud Sharp, in that room on that occasion.

The defendant testified in his own behalf and denied that he had sold on the 15th day of March, 1930, any whisky to Doc Wyres, Will Jordan, or to any other person or persons. He further testified that on the 15th day of March, 1930, he was at the Mill Creek Ranch of J. W. White in Mason county and did not return to the town of Brady until the 17th day of said month. Other evidence was offered by the appellant to prove his defense of alibi, and these witnesses testified substantially as did the appellant as to his whereabouts on said date. The appellant also filed an application for a suspended sentence.

Two bills of exception appear in the record. One of said bills complains of the action of the trial court in permitting the state's counsel, over appellant's objection, to propound to the witness, Doc Wyres, while he was upon the witness stand as a witness in behalf of the state, the following question: "Did any of the parties get drunk there that evening?" and in permitting the said witness, over the objection of the appellant, to state and testify: "Some of these men got drunk that evening." The appellant objected to said testimony as being immaterial and irrelevant and prejudicial to the rights of the defendant and calculated to inflame the minds of the jury, there being no evidence on the part of this witness or any other witness that the men who got drunk became intoxicated on any liquor sold or possessed by defendant.

This testimony may or may not have been admissible, depending upon what preceded and followed it. This evidence was not patently and obviously inadmissible per se and under certain circumstances might be admissible. Said bill does not show the surrounding antecedent testimony or other matters from which we might detect error. A bill of exception to the admission or rejection of testimony should be sufficiently explicit to enable this court to fully understand and know all the facts on which the correctness or error of the ruling depends. Ortiz v. State, 68 Texas Crim. Rep., 608, 151 S. W., 1059; Harris v. State, 67 Texas Crim. Rep., 251, 148 S. W., 1074; Livar v. State, 26 Texas App., 115, 9 S. W., 552; Black v. State, 68 Texas Crim. Rep., 151, 151 S. W., 1053.

The other bill of exception shows that while the appellant, Bud Sharp, was a witness in his own behalf, upon cross-examination state's counsel propounded to appellant the question: "Have you been indicted in the district court of this county for any other offense than this within the last five or six years?" The witness replied, over the objection of the appellant, as follows: "I have not been indicted in the district court

of this county for any offense other than this within the last five or six years. Well, I was indicted but never tried. You say that you did not ask me if I had been tried, but only if I was indicted. I was indicted on the case I was trying to tell you about. That was the Fisher case. As to whether that was the case I was trying to tell you about when I said 'no,' I thought you meant convicted. The grand jury did indict me in that Jim Fisher case. I can answer that 'yes' and the Fisher case was a different case to this case."

The appellant objected to said testimony because the same was immaterial and prejudicial to the rights of the appellant and was calculated to inflame the minds of the jury and was not a proper question for impeachment purposes. There is nothing in said bill to show that appellant was objecting to the admissibility of this testimony because a sufficient predicate had not been laid authorizing its introduction, or because the state had not shown that the charge was that of a felony or one involving moral turpitude, but merely upon the ground that the same was immaterial and prejudicial to the rights of the defendant and was calculated to inflame the minds of the jury and was not a proper question for impeachment purposes. The bill does not negative the fact that the charges on which appellant was being interrogated was not a case of the grade of felony or did not involve moral turpitude. This, the bill fails to do. Therefore, it does not disclose reversible error. 4 Texas Juris., sec. 237. See, also, Stanford v. State, 103 Texas Crim. Rep., 182, 280 S. W., 798; Carr v. State, 99 Texas Crim. Rep., 75, 268 S. W., 468; Miller v. State, 74 Texas Crim. Rep., 648, 169 S. W., 1164; Benjamin v. State, 109 Texas Crim. Rep., 108, 3 S. W. (2d) 91.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have again examined the record in the light of appellant's motion for rehearing. Appellant was convicted upon a charge of possessing intoxicating liquor for the purpose of sale. It was necessary for the state to show the intoxicating character of the liquor, and in so doing it was not restricted to prove merely that it was whisky. Unquestionably, it could also prove that it caused those who used it to become intoxicated. An inspection of the statement of facts shows that the witness Wyres, referred to in the bill of exception No. 1, testified on cross-examination as follows: "I think that the liquor we got that evening was intoxicating. It did not make me drunk. Will Jordan got awful drunk. I did not get drunk. There were four of us drinking

that pint of liquor." As we understand the record the proof was as to the effect of the very liquor claimed to have been in possession of appellant and which was sold by him. We advert to the foregoing as sustaining the conclusion reached in our original opinion that bill of exception No. 1 was not sufficiently full to show error in the matter complained of. Of course, if the parties became intoxicated on liquor with which appellant was not connected the fact of such intoxication would not be material, but it would be otherwise if it resulted from the liquor which appellant was charged with possessing for the purpose of sale.

Appellant also urges that the holding of the court in the present case on the point presented by bill of exception No. 3 and discussed in our original opinion is in conflict with the recent case of Griffin v. State, 119 Texas Crim. Rep., 235, 45 S. W. (2d) 617. It is expressly stated in the opinion in the latter case that the witness sought to be impeached "had paid some fines." With no further information as to whether the prosecutions inquired about were felonies or misdemeanors involving moral turpitude, it was held erroneous to make proof thereof. In the present case the inquiry showed the witness sought to be impeached had been indicted in the district court. If the prosecution inquired about was by indictment in the district court we think it appeared prima facie that the inquiry had reference to a felony charge as the district court has exclusive jurisdiction of such cases. In the absence of a showing in the bill of exception that in fact the prosecution was for an offense not provable for impeachment purposes, we think the incident fails to present error.

The motion for rehearing is overruled.

*Overruled.*