## HALE GRIFFIN V. THE STATE.

No. 15809.   Delivered April 18, 1933.
Rehearing Denied June 21, 1933.
Reported in 61 S. W. (2d) 509.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment one year in the penitentiary.

This is the second appeal. Result of the first is reported in 45 S. W. (2d) 617, in which the facts are detailed at some length, and will not be repeated unless it is desirable in dis-

cussing some of the bills of exception. The state's evidence makes out a case. The defense was an alibi; it being claimed that appellant was sick at home and not present at the time and place of the alleged crime.

In bill of exception number one appellant complains that he was not permitted to have an answer from Mayes, the alleged purchaser of the liquor, to the following question: "You got up of your own free will and came and did not expect anything?" which he expected the witness to answer in the affirmative. The court sustained the state's objection that the question called for repetition. The qualification to the bill refers us to the statement of facts for cross-examination of the witness Mayes. This shows he testified that at the time of the alleged purchase he was a state ranger; that at the time of the trial he was living at Melvin, Arkansas, and came from there to Coleman, Texas, to testify. We quote a part of his testimony on the point to which the bill relates: "I have been a State Ranger since 1923. As such officer I knew there was no way to force me to come from Arkansas to the State of Texas to testify. Sure I knew that. I came of my own free will; sure I did. I came of my own free will and accord. Nobody promised to pay me anything to come; I did not expect anything. Nobody has intimated or promised to pay me anything for my trouble in coming over here. I do not expect to get anything for it and I do not want anything for it."

The court properly sustained the state's objection. It was merely a repetition appellant was asking for.

The records on this and the former appeal show that Mayes claimed to have bought the liquor in question from someone at the Hambright Filling Station, and that the seller said his name was Will Hambright, that an indictment was returned against Hambright and upon the trial of that case Mayes was confused as to the name of the alleged seller but not as to the identity, and that when he was asked by the district attorney if the defendant then on trial (Will Hambright) was the party who sold him the whisky he promptly answered, "No," and said the party who had sold him the whisky had been in the court room and identified Griffin, this appellant, as the man from whom he had actually purchased the whisky. Bills of exception 2, 3, 4, and 5 all relate to examination of the witness Mayes with reference to his testimony given in the Hambright Case, or to his identification of appellant as the actual seller of the liquor. It is unnecessary to discuss the bills in detail, as it would extend this

opinion to unreasonable lengths. Under the circumstances stated we discover no error in the ruling of the court in the matter complained of in any of said bills.

On cross-examination of Mayes appellant had sought to put him in the position of a voluntary witness who had come from the State of Arkansas to Coleman, Texas, to testify against appellant. Bill of exception six shows complaint because the state developed from the witness that he was under process in the case and had never been discharged. Bill of exception seven relates to the same subject, and shows objection to the witness testifying that the district attorney had written him two letters, and to the further statement of the witness that his work had caused him to be shifting about and moving a good deal. We see nothing objectionable in the matters disclosed by either of the bills.

Appellant complains in bill of exception eight because the district attorney proved by the prosecuting witness that at the time of the alleged offense he was working for the sheriff of Coleman county and at the time held a commission as a state ranger. We see nothing objectionable in this testimony; the same thing was testified to by the sheriff without objection.

The matter proposed to be proved by the prosecuting witness on cross-examination as shown in bill of exception nine had already been sworn to by him, as shown by the statement of facts. Having testified to the fact once, there was no necessity of having him repeat it.

Dr. Anders testified that he was appellant's physician, and that on the date of the alleged sale he knew appellant was sick in bed and did not think he was able to go from his home to the Hambright filling station where the sale of liquor is alleged to have occurred. It is shown by bill of exception No. 12 that on cross-examination the doctor was asked over appellant's objection if he was not also the doctor for Ben Davis and Edna Nichols. The bill recites that after the doctor had answered the question the court sustained the objection, but does not show what the answer of the doctor was. The bill then recites that Edna Nichols had been formerly convicted for driving an automobile while she was intoxicated, and that Ben Davis had been convicted for selling intoxicating liquor. It is not shown that these facts were known to the jury. The court explains the bill to show that Edna Nichols and Ben Davis were tried at another term of court and that there was no evidence in regard to those cases

before the jury. The inquiry of the doctor in regard to these matters was improper, but it is not shown that any of the jurors knew who Edna Nichols or Ben Davis were, or of what offenses they had been charged, or the results of the trials.

We do not discover any error in bill of exception thirteen. Appellant's witness Anaker testified on direct examination that he was rooming at appellant's home on the 28th day of May, 1929, the date of the alleged sale of liquor to the prosecuting witness, and that Jess Glazener was staying there also, and that appellant was sick at the time. It was developed on direct examination of Anaker that he had not seen Glazener at court on the day he was testifying. The bill complains that on cross-examination of Anaker he was asked if Glazener was making a crop down at Voss and had a family down there, to which the witness replied that he did not know what he was doing, and did not remember how long he stayed at appellant's house. The bill does not exhibit error.

Bills of exception Nos. 10, 11, 14, 15; 16, and 17 all relate to the identification of the liquor claimed by the prosecuting witness to have been purchased from appellant. He testified that he had delivered the whisky which he bought to the sheriff. One of the bills complains of the testimony of the sheriff to the same effect. A label had been placed upon the bottle by the prosecuting witness bearing the name of Will Hambright. When the bottle of liquor was produced in court, a question was raised as to the identity of the bottle. The label on the bottle showed to have been changed. At the time of this trial it had the name of appellant on it; that of Hambright having been scratched out. Some of the bills relate to the testimony of prosecuting witness explaining that he had made the change himself, after he learned the name of appellant was not Hambright. It is stated by the court in qualifying some of the bills that the label on the bottle was not introduced in evidence before the jury. The recitals in the bills would indicate that the testimony with reference to the change in the label was given in the presence of the jury. This whole matter related to the identification of the liquor claimed to have been purchased by prosecuting witness from appellant; coming up as it did, in connection with the confusion in names and identity of the seller, it cannot, as presented here, be held erroneous.

We find no error in the record upon which a reversal can be properly predicated. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Hambright was indicted for the sale, and also for the possession of intoxicating liquor for the purpose of sale. Mayes was named in the indictment as purchaser. On the trial of said charge Mayes swore that Hambright did not sell him the whisky, but identified this appellant, Hale Griffin, as the man who sold it to him. Hale's indictment followed. On this trial Mayes swore that on May 28, 1929, at Hambright's filling station he bought whisky from appellant. The sheriff swore that Mayes delivered to him on said date a bottle of whisky, which was produced and identified. The defense was an alibi. The testimony was short and in direct conflict.

Appellant took seventeen bills of exception, each of which presenting any question deemed at all doubtful, was discussed in the original opinion. In his motion for rehearing appellant brings forward each complaint set up in all seventeen of these bills of exception. He supports same by a written argument. Both have been considered, but we have not been led to change our views as expressed in the original opinion, and for us to write about these several complaints would but be to say over in substance what has already been said. We see neither advantage to appellant, nor to the profession, nor to ourselves to write further.

Not being able to agree with appellant, the motion for rehearing is overruled.

*Overruled.*