## WILLIAM ROBERTS v. THE STATE.

### No. 2990.  Decided May 3, 1905.

**1.—Aggravated Assault—Res Gestae—Withdrawal of Illegal Evidence.**

Where the difficulty in which defendant participated was so near in point of time and otherwise connected in circumstance with one just preceding it, in which the prosecuting witness was engaged with a third party, the first difficulty was a part of the res gestæ of the second and admissible in evidence; still if it was inadmissible, it was not of that character as that its subsequent withdrawal would not serve to cure the error of its former admission.

**2.—Same—Argument of Counsel.**

The mere suggestion of the county attorney that he had tried many cases, but had never tried one where the evidence was so strong as in the one at bar, was not of that character as injuriously affected appellant.

Appeal from the County Court of Bexar. Tried below before Hon. Robt. B. Green.

Appeal from a conviction of aggravated assault; penalty, a fine of $200.

The opinion states the case.

*H. B. Salliway, T. M. Paschal* and *Joseph Ryan,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $200, and appeals. Appellant questions the action of the court admitting testimony in reference to a fight between prosecuting witness, Keilman, and Salcher, and the subsequent exclusion thereof by the court. He maintains that the

testimony was originally improperly admitted, and that it was of such a character as to injuriously affect appellant, and that the impression could not be eradicated from the jury by its withdrawal. We have examined the record carefully in this respect, and it occurs to us that this fight between Keilman and Salcher was a part of the res gestæ of the subsequent fight between Keilman (prosecuting witness) and Roberts. It seems that Salcher and Roberts belonged to the same gang, and that just preceding the difficulty between Roberts and Keilman, Salcher made an assault on prosecutor Keilman in the saloon where this offense subsequently occurred. Keilman and Salcher had just separated, were still quarreling, and were returning to the saloon to renew the fight, when appellant intervened and took up the difficulty. The difficulties were so near in point of time, and otherwise connected in circumstance, it seems to us, as to constitute the first a part of the res gestæ of the second. But, if it be conceded that they were not so connected in point of time and circumstance, still we do not believe the testimony regarding the first difficulty was of that character, as that its subsequent withdrawal would not serve to cure the error of its former admission. We hold that the court did not err as to this matter.

We do not believe that the remarks of the county attorney were unauthorized. The mere suggestion that he had tried many cases but had never tried one where the evidence was so strong as in this, was not of that character as injuriously affected appellant.

We have examined the record, and in our opinion the evidence is sufficient to sustain the conviction.

The judgment is affirmed.

*Affirmed.*