## Clayton Black v. The State.

### No. 1285. Decided January 31, 1912.

**1.—Aggravated Assault—Continuance—Bill of Exceptions.**

In the absence of a judgment or bill of exceptions as to the court's action in overruling the application for continuance, the same can not be considered on appeal.

**2.—Same—Severance—Separate Indictments—Dismissal.**

Where other parties were indicted as accessories in the same transaction by separate indictments, and the State dismissed as to them, and one of them testified for defendant, and the other was not used, there was no error in overruling a motion for severance.

**3.—Same—Postponement—Bill of Exceptions.**

Where the bill of exceptions did not show any sufficient ground for a postponement of the case, and no diligence, etc., there was no error.

**4.—Same—Evidence—Husband and Wife—Bill of Exceptions.**

Where the bill of exceptions to the questions propounded by the State with reference to defendant's wife, etc., did not state the facts with regard to the case as to show that there was error in asking these questions, there was no error.

**5.—Same—Charge of Court—Assault to Murder.**

Where the defendant was indicted for assault to murder, but convicted of aggravated assault, he could not complain of the court's charge on assault to murder.

**6.—Same—Argument of Counsel—Wife of Defendant.**

Where defendant's wife attended the trial, and he did not place her upon the stand as a witness, there was no error that the State's counsel commented upon this fact. Battles v. State, 53 Texas Crim. Rep., 202, and other cases.

**7.—Same—Newly Discovered Evidence—Affidavits.**

Where no affidavits to the alleged newly discovered evidence are attached, and there is no diligence shown to discover it, there was no error.

**8.—Same—Charge of Court—Going Armed—Right of Asking Explanation— Bill of Exceptions.**

Where the bill of exceptions to the refusal of a special charge concerning defendant's right to go armed and demand a retraction by the injured party

of tne slanderous words concerning defendant's wife, etc., gave no reason why this charge should have been given, the same was too general to require the court to consider it.

**9.—Same—Evidence—Papers—Bill of Exceptions.**

Where, upon trial of assault to murder, certain papers were offered in evidence by the State on the question of defendant's diligence to procure his witnesses, and the bill of exceptions did not point out the error in this matter, the same can not be considered.

**10.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault to murder and a conviction of aggravated assault, the evidence sustained a conviction, there was no error.

Appeal from the District Court of Howard. Tried below before the Hon. Royall G. Smith, special judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $150.

The opinion states the case.

*E. P. Brewer,* for appellant.—On the question of the court's refusal of defendant's special charge as to his right to go armed, etc.: Cartwright v. State, 14 Texas Crim. App., 486; Shannon v. State, 35 Texas Crim. Rep., 2; Airbort v. State, 40 id., 651.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—In September, 1910, appellant was indicted for assault with intent to kill A. L. Echols on August 15, 1910. He was convicted of aggravated assault only and his penalty fixed at a fine of $150.

There appears in the record an application for a continuance dated and signed October 3, 1910. There is no judgment of the court showing any action on this motion. There is no bill of exceptions to the court's overruling it. By inference we conclude that if it was acted upon by the court at all it was on October 3, 1910.

It seems that the grand jury at the same time appellant was indicted, also, by separate indictments, indicted J. T. Johnson, and J. L. Johnson, as accessories of appellant in the same transaction. When the case was first called for trial on October 3, 1910, the appellant and the two Johnsons entered into a written agreement whereby they agreed that one of the Johnsons should be placed on trial first, the other next, and then that the appellant should last be placed on trial. The appellant made a motion for severance on these grounds. The object of it was that he wanted to use the Johnsons as witnesses in his behalf. The district attorney thereupon, with the approval of the court, dismissed the cases against both the Johnsons, stating as a reason therefor that there could be no conviction of an accomplice before the conviction of the principal. This was a wrong reason and not the law, but no injury is shown to appellant. Both of the Johnsons attended the trial of the

case against appellant. He used one of them as a witness, but not the other. The appellant, by bill of exceptions, complains of the action of the court in overruling his motion for a severance. The only object he had in a severance, even if there could have been a severance, where there were separate indictments, would be that the Johnsons should be tried first so that he could use them as witnesses and that was the ground of his motion for severance. When the cases were dismissed by the State and he used one of the parties and the other was at his services, but he did not use him, there could, of course, be no injury to him nor was there any error in the proceedings of the court in this respect. Streight v. State, 62 Texas Crim. Rep., 453, 138 S. W. Rep., 742.

The judgment shows that the case was tried on October 7, 1910. This also shows that when the case was called for trial, the appellant was present in person and that his attorneys were present and all parties announced ready for trial.

By bill of exceptions No. 1, appellant complains of the action of the court in overruling his motion for a postponement of the cause to some future day of the term of the court. There appears to have been no such motion in writing filed. The bill does not show any sufficient ground for a postponement of the case. It shows no diligence for the witnesses, whom he states were absent without his procurement or consent. He does not show why they were absent, where they resided and only states that on September 30, 1910, he applied to the clerk for subpoenas for said witnesses to their respective places of residence which were issued by the clerk and placed in the hands of the proper officers and that the processes had not been returned for want of time. The way the matter is presented to us, no error is shown by the court in overruling the oral motion to postpone.

Bill No. 5, except the style and number of the case, the signature of the attorneys for appellant and the approval of the judge is as follows: "Be it remembered on the trial of this cause, the court erred in permitting the State's counsel to ask the defendant, while a witness upon the stand, whether or not defendant and his wife were at the time living together as husband and wife, and whether at any time that defendant and his wife so lived together, he cursed and abused his said wife and ran her off from home, because the same was immaterial and irrelevant and prejudicial to the interests of this defendant and it was error for the court to permit State's counsel to inquire into a matter between husband and wife in which the said A. L. Echols was in no way, at any time, interested or concerned and because it is shown that if the wife and defendant were separated, they had separated long prior to any trouble that thereafter arose between defendant and the said A. L. Echols and in which the said A. L. Echols was in no way concerned or interested, to which action of the court, the defendant, at the time excepted and here tenders his bill of exceptions and asks that same be allowed and filed as part of the record in this case." It will

be noticed that this bill does not state the facts with reference to the case so that it can be told whether there was any error in asking these questions or not. Neither is it shown that they were answered or what the answer of the witness, the appellant, was; nor is it shown what injury or how appellant could be injured by asking the questions. In all probability, if the bill had been full on the subject, it doubtless would have appeared that the questions were proper, and that even answers thereto may have been proper. We must presume under the law that there was no error, unless the bill shows it. This bill does not show any error. See White's Annotated Code Criminal Procedure, sec. 857, p. 557; and sec. 1123, p. 732 for the rules and collation of authorities on this subject.

Some other of appellant's bills and grounds of the motion for new trial attack certain paragraphs of the court's charge on the subject of assault with intent to kill. The verdict of the jury expressly found the appellant not guilty of an assault with intent to kill and found him only guilty of aggravated assault; so that whatever errors, if any, were committed by the court on this subject, are immaterial and are no cause of complaint by appellant.

Another bill complaining of the action of the court in permitting the State's counsel to make remarks concerning defendant's wife's failure to testify, as qualified by the judge which shows that the appellant had applied for a subpoena for her and although not served, that she attended at the trial, which appellant knew, and that he did not place her upon the stand, presents no error. It has many times been decided by this court that the State's counsel may comment upon this fact. Locklin v. State, 75 S. W. Rep., 305; Armstrong v. State, 34 Texas Crim. Rep., 248; Battles v. State, 53 Texas Crim. Rep., 202, and many other cases unnecessary to cite. This is the uniform holding of this court.

By another bill and ground of the motion for new trial, appellant claims that the court ought to have granted him a new trial, because of newly discovered evidence. This evidence is not shown even to be of such a character as to authorize a new trial. The affidavits of the purported witnesses are not attached and there is no diligence shown to discover their testimony. No affidavit is attached of either of the purported witnesses showing what they would testify to.

By another bill appellant complains that the court erred in refusing to give his special charge requested by him: "The defendant, Clayton Black, had a right to go to Echols in a peaceable way and manner and demand a retraction of the slanderous words concerning defendant's wife's character, and in so doing, if the defendant had reasonable grounds to fear that the said Echols would assault or offer defendant serious violence, when defendant approached the said Echols in a peaceable way and manner and demanded a retraction of the slanderous words and utterances of and concerning defendant's wife, then in such event, the defendant would have the right to arm himself and quietly

seek the said Echols and demand a retraction of the slanderous words concerning his wife's character and the failure of the court to so instruct the jury by its charge is error." There is no reason given in the bill of exceptions why this charge should have been given, and the matter is not presented in his motion for new trial at all. This is too general to require this court to consider this bill. (Ryan v. State, and Berg v. State, and the authorities cited therein, both recently decided but not yet reported.) The testimony in this case did not call for any such charge and it presents in no way any reversible error as no injury is shown by the bill or otherwise to appellant, because of the refusal of the court to give the same. Art. 743 (new) 723 (old) Code Crim. Proc.

By appellant's bill No. 10, which is very brief, he complains that "the court erred in permitting the State to introduce in evidence, over the objection of the defendant, all the file papers in said cause, such as indictments, subpoenas, bond, attachment and in fact all the papers filed in said cause, because the same is irrelevant, immaterial and can serve no legitimate purpose in this case and does not tend to prove any of the main facts sought to be shown in this case." This in effect all of the bill. It will be seen that it does not copy any of the file papers which he complains were introduced in evidence, nor give the substance thereof, nor does he give such a statement of the facts from which we can tell whether there was any error or not. The court in allowing the bill, made this explanation: "When papers were offered it was disclosed that subpoena had been issued for defendant's wife and was returned not executed because 'not found' and the further explanation that she was present during the trial, was sworn in as a witness, but was never called." It, therefore, seems that it was proper to introduce some of these papers. At least it is not shown by the bill that there was any error in the introduction of them; nor is it shown how or in what way the appellant was materially injured thereby. Under the circumstances, no reversible error is presented.

The evidence is amply sufficient to sustain the verdict. The evidence, briefly stated, of the immediate shooting of the injured party Echols by the appellant, shows that Echols was a sickly, weak man and was then sick, had been sick and unable to work for a year or longer just prior thereto, weighing only about 130 pounds. The appellant was a strong, vigorous man, much younger than Echols and weighing 165 pounds. Late one evening Echols went into a drug store to get and did get some medicine, taking with him his little boy about four years old, for whom he got some drink or ice cream. While the child was eating or drinking this, Echols sat by him on a stool with his back towards the front door. The appellant claimed that Echols had used in his presence a few days before that, some insulting remark about appellant's wife and that later, a day or two before the assault, he had used insulting words concerning her, which were communicated to appellant. Echols denied all this. The appellant had prepared himself with a six-

shooter on his person, and had hid in a butcher shop in the little town where the shooting occurred, a double-barrel shotgun, both for use on Echols. Appellant had seen Echols a time or two or three after he claimed Echols had used to him insulting remarks about appellant's wife; that he saw him go into this drugstore with his child; that he walked by the drugstore and looked in and saw the situation. After walking by he turned and went back into the drugstore and the first that Echols knew of his presence, the appellant grabbed him by one arm, the left arm, and grabbed his right hand with the other. In the struggle to get up, appellant seized the stool or chair on which Echols was sitting and attempted to or struck him therewith. Echols was armed with a six-shooter and tried to get it out but could not make it work and did not at any time present it towards appellant. As soon as the row began between them, the proprietor of the drugstore got between the parties, caught the appellant, backed him away from Echols and tried to prevent his shooting Echols. Appellant was all this time trying to get out his six-shooter, did get it out and in the struggle with the drugstore proprietor, he shot off the pistol once into the floor. The drugstore man holloed to Echols to run or get out of the way and he attempted to do so, ran out the front door, the appellant then had been turned loose, or got loose from the drugstore proprietor, and fired his pistol four times at Echols as he was running out of the door. The sixth shot struck him in the back of the right hand. Echols ran out into the street. As soon as the appellant emptied his six-shooter at him he went out of the drugstore, ran or walked very rapidly from there to the butcher shop where he had hid his double-barrel breech-loader, ran in and seized it and ran back out and shot both barrels loaded with large shot at Echols, missing him the first time, but striking him the second time in the shoulder, neck and jaw, inflicting upon him serious wounds. Echols was all this time trying to get away from appellant and finally succeeded in getting back into a store where his wounds were dressed by a physician. No attempt at any time by any one was made to hold or prevent Echols from shooting at or shooting appellant. The appellant was the aggressor at all the time in the whole matter.

There being no reversible error the judgment will be in all things affirmed.

*Affirmed.*