## MOSES GRAYSON, ALIAS "COOTS" V. THE STATE.

No. 10513.   Delivered December 22, 1926.

Rehearing withdrawn January 19, 1927.

**1.—Assault to Murder—Continuance—No Diligence Shown—Properly Refused.**

Where, on a trial for an assault to murder, appellant filed a motion for continuance, not having issued process for any witnesses, and sought to excuse his failure to use diligence to secure the attendance of his witnesses by stating that he had relied upon statements of a deputy sheriff as to when his case would be called, his motion was properly overruled.

**2.—Same—Bill of Exception—Incomplete—No Error Presented.**

Where appellant complains in a bill of exception of the refusal of the court to permit one Fitzgerald to "attempt to testify he had seen some letters written by Zepher Grayson to Moses Grayson," and nothing appears in the bill explaining or elucidating same, such bill is incomplete and discloses no error.

**3.—Same—Voir Dire Examination—No Error Shown.**

In the examination of the jury on their voir dire, the appellant having filed his application for a suspended sentence, there was no error in permitting the District Attorney to state to the jury that when the accused requests a suspended sentence it is incumbent on him to prove himself entitled thereto.

**4.—Same—Argument of Counsel—Not Improper.**

Where the District Attorney in his argument commented upon the fact that appellant had subpoenaed a certain witness, who was present in attendance upon the trial, and that defendant had failed to put said witness upon the witness stand, such comments were not improper.

ON REHEARING.

**5.—Same—Motion Withdrawn.**

Having filed his sworn request to withdraw his motion for rehearing now pending, said request is granted, and the rehearing will be withdrawn.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction for an assault to murder, penalty five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the Criminal District Court of Dallas County of assault to murder, punishment five years in the penitentiary.

There are six bills of exception in the record, each of which has been carefully examined. Bill No. 1 complains of the refusal of a continuance. The application for continuance is wholly devoid of any sufficient showing of diligence. Appellant sets forth that relying upon the statements of a deputy sheriff as to when his case would be called for trial, his attorney made no application for process for witnesses. This needs no discussion to make plain the fact that it presents no diligence.

Bill No. 2 presents appellant's objection in open court to being tried in the Criminal District Court of Dallas County, apparently upon the ground that his case had not been transferred from Criminal District Court No. 2 into which the indictment was returned, to the Criminal District Court. The qualification of the learned trial judge to this bill calls attention to the fact that there appears a regular order transferring the case. No error is presented.

Bill No. 3 presents complaint of the refusal of the court to permit one Fitzgerald to "attempt to testify he had seen letters written by Zepher Grayson to Mose Grayson." The state's objection to this was sustained, and nothing appears in the bill from which this court can determine that the action of the court in this regard was erroneous.

Bill No. 4 is in substance the same as bill No. 2 above referred to, and for the reasons stated in discussing bill No. 2, this presents no error.

Bill No. 5 presents complaint of a statement made by the assistant district attorney in the voir dire examination of jurors to the effect that the burden of proof in regard to suspended sentence shifts to the defendant who must prove himself entitled thereto. The charge of the court to the jury in this case properly presents the issue of the burden of proof. We perceive nothing in the statement made to the jury on their voir dire capable of material injury to the accused.

Bill No. 6 complains of the fact that the district attorney was permitted to refer to the failure of the defendant to put on the stand a witness whom he had subpoenaed and who was present in court. We perceive no error in this.

The facts seem ample to support the conclusion of guilt.

Being unable to agree with any of the contentions of appellant, the judgment will be affirmed.

*Affirmed.*

ON APPLICATION TO WITHDRAW MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant has filed here his sworn request to withdraw his motion for rehearing. In accordance with said request, the motion for rehearing will be withdrawn.

*Rehearing withdrawn.*