## PLEAS BENJAMIN V. THE STATE.

### No. 10890.   Delivered November 9, 1927.

### Rehearing denied March 7, 1928.

**1.—Assault to Murder—Challenge of Jurors for Cause—Properly Overruled.**

Where appellant challenged the panel of jurors because in a proceeding preliminary to trial statements were made by the court in the hearing of the panel in reference to other cases on the docket against appellant, this furnished no ground for challenge for cause, and appellant when testifying as a witness admitted that he was indicted in other felony cases, and no injury is shown.

**2.—Same—Continuance—For Evidence Immaterial—Properly Refused.**

Where appellant, on trial for an assault to murder, requested a continuance to secure a witness to prove that prosecuting witness had at one time assaulted him, the continuance was properly refused. Had the absent witness been present, his supposed testimony would not have been admissible.

**3.—Same—Argument of Counsel—Criticising Appellant—Not Improper.**

Where it was shown that appellant's brother could have testified to material facts in appellant's behalf, there was no error in the State's Attorney commenting upon his failure to introduce his brother as a witness, nor was there any apparent error in the refusal of the court to stop the trial after argument began and permit appellant to call his said brother as a witness. No abuse of the discretion of the court is shown.

**4.—Same—Bill of Exception—Incomplete—Presents No Error.**

Where appellant complains in a bill of exception that he was not permitted to prove that Mary Ransom (prosecuting witness) "had a bad reputation," such bill is not sufficient to disclose error. The bill should have disclosed what kind of a bad reputation appellant was seeking to prove.

**5.—Same—Impeaching the Accused—Proof of Other Indictments—Properly Admitted.**

There was no error in permitting the state to prove by appellant on his cross-examination that he was under indictment at the time charged with a felony and had been convicted in the Federal Court for violating the prohibition law. The rule has been long settled that such evidence for the purpose of impeaching the accused or a witness is admissible.

**6.—Same—Impeaching Witness—Evidence—Properly Rejected.**

Where appellant sought to impeach prosecuting witness by proving that she had been convicted and served six months on the county farm in Ellis County, without showing that she had been convicted of a misdemeanor involving moral turpitude, such evidence was properly excluded.

**7.—Same—Evidence—Hearsay—Properly Excluded.**

There was no error in refusing to permit appellant's witness Lacy to testify that he heard one Owens say that prosecuting witness had robbed him of money.

**8.—Same—New Trial—Newly Discovered Evidence—Properly Refused.**

Where appellant complains of the refusal of a new trial based upon newly discovered evidence, and it appears that all of the newly discovered witnesses were present at the trial, no diligence to discover the testimony is shown, and the new trial was properly refused.

ON REHEARING.

**9.—Same—No Error Disclosed.**

Nothing appearing on the consideration of appellant's motion for a rehearing that was not properly disposed of in our original opinion, the rehearing is refused.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for an assault with intent to murder, penalty five years in the penitentiary.

The opinion states the case.

*Davis, Jester & Tarver* of Corsicana, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for assault with intent to murder, punishment five years in the penitentiary.

Appellant was convicted for an assault with intent to murder Mary Ransom. The testimony for the state shows that following a protracted gambling spree engaged in by appellant and others, and in which appellant lost all of his money to Mary Ransom, he went to her house, where she was alone, after midnight and attempted to effect an entrance. She says that hearing some one trying to tear off a screen, she asked who it was and when reply was made she knew the voice and knew it was that of appellant. She went to a door and put her leg partly out the door and appellant fired twice, she being in an attitude facing him. She was shot in the leg. Appellant denied having done any shooting, and claimed that he was drinking at the time he gambled with the injured party, and that he went to sleep and knew nothing of what had occurred until he awoke in the morning about daylight. He said his mother told him that the law had been looking for him, and that he phoned down and found out that they wanted him, and that he went to the city hall and was told what was the matter. He said he then went down to Mary Ransom's house to see her; asked her why she laid it on him, and she said that she heard his voice. He said that he and Mary had an argument, she affirming that he did shoot her and he denying it. He said

he was not at Mary's house that night or the next morning until after he went to the city hall and found out what the charge was. The testimony is very short, consisting of that of the injured party, of the appellant and two witnesses introduced by him—Bell and Lacy—and two witnesses introduced by the state in rebuttal. Neither Bell nor Lacy gave any testimony shedding any light on the case whatever. One of the witnesses introduced by the state in rebuttal testified that she was at the place where the gambling was going on; that she lost all of her money to prosecuting witness, and that appellant took a sewing machine out and tried to borrow some money on it to lend the witness, but was unable to make the raise. Witness said that when she left the place of the gambling appellant was lying on a bed, and that there were two pistols there, one of them belonging to witness. This witness was at the home of prosecuting witness the next morning when appellant came and heard him ask her why she said he shot her. The language attributed to appellant by witness was as follows: "Mary, I heard you said I shot you." She testified that Mary replied, "You did," and appellant said, "Well, why do you say so?" and that Mary went on to explain that appellant had shot her. This witness affirmed that when she got to Mary's house that morning Mary was in bed, and responding to an inquiry as to what was the matter, Mary said she had got shot and that Pleas shot her. She also affirmed that appellant said in the course of the conversation: "I didn't shoot Mary, but if she thinks I did I will pay her, pay her doctor bill." He further said that he would pay her rent also until she got all right.

There are a number of bills of exception, each of which has received our careful attention. We find no substantial right of complaint of the fact that in a proceeding preliminary to the trial statements were made to the court in the hearing of the jury panel in reference to other cases on the docket against the appellant. The jurors on the panel were examined on their voir dire and each said he could render a fair and impartial verdict under the law and the testimony. We know of nothing in our procedure that would justify the court in rejecting jurors, or refusing to sustain a request that a case be not tried before the panel, merely because they may have heard of the fact that the accused had been indicted in other cases. This furnishes no ground of challenge for cause, nor is there any showing of any injury resulting. We further observe that

when appellant was on the witness stand he was asked relative to his being indicted in other felony cases.

Appellant sought a postponement to procure the testimony of a witness to the effect that at some other time and place the prosecuting witness herein had attacked said witness and taken from him money. We know of no rule admitting testimony of individual collateral cases. To permit an inquiry of this kind would be to burden the record, and would lead to all sorts of interminable confusion. The testimony of the witness would not have been admitted had he been present. By another bill complaint is made that appellant was asked in reference to numerous indictments which had been returned against him, and that he was under indictment at the time charged with a felony, and had been convicted in the Federal Court for violation of the prohibition law, and that it was argued by the state that he was a persistent violator of the law. We perceive nothing in the bill. No citation of authorities is necessary to support the well settled rule that one who takes the witness stand in his own behalf is subject to impeachment and to proof that he has been indicted or convicted of felonies or offenses involving moral turpitude, the purpose being to affect his credibility as a witness. No exception was taken to the argument.

It appears from the record in this case that certain facts testified to by the appellant were also known to appellant's brother who was available as a witness. Complaint is made of the fact that the State's Attorney commented upon the failure of the appellant to produce his brother as a witness, and when he offered to put said brother on the stand the court would not allow it. The matter has been often discussed. The rule is well settled. The state had the right to criticise appellant for his failure to produce available relatives who would corroborate him in material points arising in the case, and it was within the discretion of the court to allow testimony during argument. We see no abuse of that discretion.

There is a bill complaining of the separation of the jury, but same is qualified by the court in such a way as to make it plain that the separation was apparent but not real.

Appellant's bill of exceptions No. 6 sets out that he sought to prove by his witness Bell that Mary Ransom "had a bad reputation." This is as far as the bill discloses what appellant sought to prove by Bell. This is not sufficient. If he sought to prove that she had a bad reputation for truth and veracity, this would have been competent. The bill should disclose the

respect in which the reputation of the witness was assailed. Failing to do this, the bill manifests no error. Another bill sets out that while Mary Ransom was on the witness stand defendant wished to have her admit her conviction in the County Court of Ellis County and that she served a sentence of six months on the county farm, but that upon the state's objections the witness was not required to answer. It is manifest that unless she had served such sentence following conviction for an offense involving moral turpitude, the testimony would not have been competent. The action of the trial court was correct.

It is plain that the court correctly declined to permit the witness Lacy, introduced by the defense, to testify that he heard one Owens make the statement that prosecuting witness had robbed him (Owens) of money. Such testimony was both hearsay and incompetent for other reasons.

We are unable to agree with appellant's complaint that the testimony is not sufficient to support the judgment. Prosecuting witness was positive in her identification of appellant as her assailant, and of the fact that he shot at her more than once. The fact that she was struck but one time and was not then seriously injured, was one for the consideration of the jury.

Appellant complains of the refusal of a new trial based upon the proposition of newly discovered evidence. All of the witnesses referred to in this connection are shown to have been present at this trial, and the fact is thus manifested that reasonable diligence in talking to said witnesses would probably have led to the discovery of all of the facts stated in said motion.

Not being able to agree with any of the contentions made by appellant, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant renews each complaint considered originally and especially calls attention to the fact that bill of exception No. 12, was apparently overlooked. Said bill is only reserved to the court's ruling on a phase of the motion for new trial embraced fully in bill of exception No. 1, which was discussed in the second paragraph of the original opinion. However, we have again examined the question and feel assured that neither of the bills present error, when viewed in the light of the court's explanation.

The other questions presented also appear to have been properly decided.

The motion for rehearing is overruled.

*Overruled.*