JACK WHITE V. THE STATE.

No. 23685. Delivered June 11, 1947.

*D. F. Sanders* and *J. A. Veillon*, both of Beaumont, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of robbery with firearms and assessed a penalty of five years in the penitentiary.

The testimony shows that appellant and two companions, by means of exhibiting a pistol, took about $30.00 from the operator of a filling station in Beaumont, Texas. While not active in the taking of the money, appellant was present with such companions. He was just outside the door of such filling station and drove the car in which the robbers arrived at the station. He also received $10.00 in their division of the money.

Appellant complains in one bill of exception of practically all the errors which he contends were committed in the trial of this case. This bill is multifarious and will not be considered by us. See Shelton v. State, 200 S. W. (2d) 1004.

Appellant made a written statement which was in the nature of a confession. However, upon the trial he claimed the same was not voluntarily made but was extorted from him by means of threats and by fear of violence from the officers. The voluntary character of this statement was submitted to the jury by an instruction of the court in its charge. The sufficiency of this charge is challenged. We do not think the matter needs to be written upon. Appellant took the stand and testified to practically everything contained in such statement, save some talk between the three men relative to a discussion of the feasibility of robbing other places passed by them just prior to the robbery. While on the witness stand, appellant admitted his presence at the robbery and the receipt of $10.00 of the money received therefrom, but claimed that Jenkins, one of his companions, produced a pistol and told him that he (Jenkins) had killed a man in Atlanta, Georgia, and stolen his automobile, it being the one in which they were riding, and that with such pistol in his hand Jenkins told appellant that he would kill him unless he went into the robbery of this filling station and helped them. Appellant, claiming that he was afraid that Jenkins would kill or harm him, went with the two others, stood outside at the door and watched; that after the money had been taken from the cash register, the three robbers fled;

that Jenkins, still threatening appellant, made him take $10.00 of the stolen money for the purpose of implicating appellant; that Jenkins then threatened appellant with death if he told the facts about this matter. Appellant said he was in fear of his life while thus compelled by Jenkins to engage in this robbery.

Under a proper objection to the charge, appellant's attorneys called to the trial court's attention his failure to charge on the law of duress as provided in Art. 38, P. C., which reads as follows:

"A person forced by threats or actual violence to do an act is not liable to punishment for the same. Such threats, however, must be—

"1. Loss of life or personal injury.

"2. Such as are calculated to intimidate a person of ordinary firmness.

"3. The act must be done when the person threatening is actually present.

"The violence must be such actual force as restrains the person from escaping, or such ill-treatment as is calculated to render him incapable of resistance."

In the case of Harris v. State, 241 S. W. 175, 91 Tex. Cr. R. 446, this court, speaking through Presiding Judge Morrow, said: "Under our Penal Code, an act done under duress is not a crime. Penal Code, Art. 44; Branch's Ann. Tex. Penal Code, p. 24; Branch's Crim. Law, sec. 299. Whether he was under duress or merely pretented to be so was a question of fact to be solved by the jury from the evidence before it. Stanley v. State, 16 Tex. App. 401."

We express the opinion that the trial court was in error in failing to respond to appellant's objections to the charge relative to duress. See Branch's Crim. Law, p. 166; sec. 299, and cases there cited under the heading of "Duress". See also Kellum v. State, 91 Tex. Cr. R. 272, 238 S. W. 940; Lacy v. State, 133 Tex. Cr. R. 363; Lacy v. State, 137 Tex. Cr. R. 262; Paris v. State, 35 Tex. Cr. R. 82 (95), 31 S. W. 855.

For the failure to charge on the law of duress as raised by the testimony, and because such failure was objected to by appellant, the judgment will be reversed and the cause remanded.