### JESSE VALLSINDO GRANADO V. STATE.

No. 24680. March 8, 1950.
Rehearing Denied April 19, 1950.

*J. Hubert Lee,* Austin, for the appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of unlawfully carrying a pistol and fined the sum of $100.00, and he appeals.

There is no statement of facts filed herein.

From the bill of exception found in the record, we gather that appellant was seen driving an automobile at nighttime with only one headlight, and that one was flickering on and off. He was approached by two highway patrolmen, who talked to him relative to such lights. One of the patrolmen looked in appellant's car and there found a pistol on the floor. He then arrested appellant and filed against him for carrying such pistol.

There is but one bill of exceptions, part I of which relates to the search of appellant's car, and such bill is then interlined with "II" and proceeds to complain about a certain argument of the county attorney. This bill contains two separate and distinct transactions, all under one bill, and is multifarious. Therefore, we cannot consider the same, it being in contravention of our ruling in numerous cases. See Shelton v. State, 150 Tex. Cr. R. 368, 200 S. W. (2d) 1004; White v. State, 150 Tex. Cr. R. 546, 203 S. W. (2d) 222; Sharp v. State, 151 Tex. Cr. R. 637, 210 S. W. (2d) 174; Humphrey v. State, 152 Tex. Cr. R. 203, 112 S. W. (2d) 159. See also 4 Tex. Jur. p. 253, sec. 178.

Appellant, in his brief, makes many references to, and quotations from, the testimony of the arresting officers, and cites us to certain contradictions thereof. Unfortunately, there is no statement of facts present in the record and we cannot take the statements made in a brief as furnishing us with a knowledge of the facts proven, nor can we go to the multifarious bill of exception therefor.

We find nothing for further review, and the judgment will be affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

We are unable to agree with appellant's contention that his multifarious bill of exception should be considered as presented.

Nor can we agree that appellant may now amend such bill of exception by waiver of a part thereof and thereby present a bill of exception relating to a single transaction, and have same considered by this court.

It may be observed that the trial court in his charge instructed the jury in effect that unless appellant was under arrest when his car was searched, the evidence obtained by such search was inadmissible, and appellant should be acquitted. Appellant did not except to such charge.

In the absence of a statement of facts, we must assume that the evidence raised such issue, and that the jury found that appellant was under arrest at the time the pistol was discovered.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.