ELIC C. JOHNS v. STATE.

No. 25,625. April 2, 1952.
Rehearing Denied May 14, 1952.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) June 11, 1952.

Hon. A. W. Bell, Judge Presiding.

*Fulmer & Fairchild,* by *Robert C. Barnett,* Nacogdoches, for appellant.

· *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was assessed a fine of $100 for the offense of negligent homicide in the first degree. The indictment alleged in part that appellant was engaged in the lawful act of driving an automobile, and that while engaged in such lawful act that he failed to keep a proper lookout and by such negligence failed to see another automobile traveling in the same direction in time to avoid colliding with it. It was further alleged that appellant negligently drove his car into the rear of the other car and thereby caused the death of a passenger thereof.

The indictment also charged that appellant failed to apply his brakes; failed to stop his automobile in time to avoid striking the second car; failed to drive to the right and failed to drive to the left of said car, each and all of such acts being negligence on the part of the appellant and the cause of the death of the passenger riding in the second automobile.

The evidence shows that appellant, while driving a 1935 model Ford, ran into the rear of a second car and thereby caused the death of a passenger riding in the rear seat thereof.

According to the state's witnesses, the car in which the deceased was riding was traveling the highway in the same direction as appellant's car. It had slowed down but had not stopped, and had started on at the time of the collision. Appellant's testimony, however, was that the car in which the deceased was riding turned suddenly in front of him and stopped on the highway, and he was unable to avoid colliding with it.

Bill of Exception No. 1 complains of a statement of the county attorney in the presence of the jury wherein he remarked, "Is the court ruling I cannot bring out anything about the January wreck whether he was drunk or sober as to impeach the defendant?" The bill shows that appellant excepted and moved for a mistrial because of the remarks. Also this bill complains of the testimony of the witness Carpenter, admitted over his timely objection and exception, to the effect that appellant on the occasion of his being in the hospital in January, 1950 appeared to be intoxicated.

The bill is multifarious and cannot be considered. See Granado v. State, 154 Tex. Cr. R. 519, 228 SW(2) 530.

Bills of Exception Nos. 3 and 4 are also multifarious. Each complains of the county attorney's remarks and of the testimony of the witness Washburn admitted over objection. See Granado v. State, supra.

Bill of Exception No. 5 complains of the remark of the county attorney in his closing argument wherein he said, "I am wondering why Morris is not here today to testify." It is shown in the bill that the "Morris" referred to was the person who was riding with appellant on the occasion of the collision in question. The bill is silent as to whether Morris was subpoenaed by the defendant or by the state. State's counsel may comment upon the fact that a witness subpoenaed by the accused and in court did not testify. See Black v. State, 65 Tex. Cr. R. 116, 143 SW 932. And state's counsel may comment on the absence of a witness for the accused. See Ward v. State, 68 Tex. Cr. R. 154, 151 SW 1073. See also Bowlin v. State, 93 Tex. Cr. R. 452, 248 SW 396; Grayson v. State, 105 Tex. Cr. R. 618, 289 SW 1013; Benjamin v. State, 109 Tex. Cr. R. 108, 3 SW(2) 91; Blair v. State, 150 Tex. Cr. R. 433, 203 SW(2) 228.

Bill No. 6 complains that the county attorney remarked to the jury in his closing argument, "This is as clear a case of

negligent homicide as you will ever have in this county, or any other county in the State of Texas."

We view this argument as the county attorney's opinion of the evidence and not as constituting unsworn testimony.

Appellant complains that the trial court refused to give his requested charge on "sudden emergency."

In order to complain of the charge in a misdemeanor case, an objection to the charge because of the omission and an exception to the overruling of the objection, as well as a correctly prepared charge on the subject is essential. See Lemuel v. State, 155 Tex. Cr. Rep. 614, 237 SW(2) 982.

Appellant objected to the court's definition of the term "negligent" but failed to present a correct definition as required. See Singleton v. State, 150 Cr. R. 372, 200 SW(2) 1015.

The same disposition must be made of the remaining complaint as to the charge set forth in defendant's objection No. 5. We find no correct charge to have been tendered to the court to be given in lieu of the charge complained of.

The evidence being sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the charge of the trial court in defining the term, "negligence," was so patently wrong as that the error could be pointed out by a proper exception to the charge.

The charge of the court, when read in connection with the special requested charges that were given, is susceptible of the construction that, in order to convict, the jury were required to find the existence of facts which would constitute negligence.

In addition, appellant's guilt was required to be based upon a finding that the danger of causing death was "then and there obvious"; that the collision causing death was not the result

of an unavoidable accident; and that the collision was not caused by the negligent act of the driver of the other automobile or by any person other than the appellant.

When the charge is viewed as a whole, we cannot agree with the appellant that his every right under the law was not fully protected before the jury.

The other matters arising have been examined again in the light of appellant's insistence.

We remain convinced that a proper disposition was made originally. The motion for rehearing is therefore overruled.

Opinion approved by the court.