Arthur J. **BRUMMETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 37260.

Court of Criminal Appeals of Texas.

Nov. 11, 1964.

Rehearing Denied Dec. 16, 1964.

Bryan Wingo, Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant was convicted of the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated. After a trial by jury his punishment was assessed at a fine of $150.00 and 15 days in jail.

The State's testimony reflects that the appellant was driving an automobile on Ocean Drive in Corpus Christi; that he had a collision; that he left the scene; that a short time later he had another collision on Pasadena Street; that in the opinion of those who saw him at the collision, the arresting officers, and the officers at the jail appellant was intoxicated.

It was also shown that he was in a bar; that he insisted that a man play shuffleboard with him; that as they were playing shuffleboard without provocation he hit the man with a shuffle alley puck; that while he was there he took a glass of whiskey and

drank it real fast; that in the opinion of the witness in the bar he was intoxicated then.

Warren C. Wood, a witness called by the appellant, testified that appellant stayed in his bar three or four hours; that he did not drink over three beers; that he did not drink any whiskey; that in his opinion appellant was not intoxicated.

Mrs. Arthur J. Brummett, Jr. testified that she was the daughter-in-law of the appellant; that the appellant took some Achromycin tablets that morning; that the next day when he was sick a doctor was called.

Appellant testified that he was 61 years of age and a maintenance man for the schools in Dallas; that he was sick at the time; that he went fishing that morning and went to the bar and drank two or three beers; that he did not drink any whiskey; that he was there from 11:30 until approximately ten minutes after two; that there was an argument in the bar; that the man with whom he was playing accused him of cheating. He admitted the collision and also that he drove off from the first collision. He testified further that he had a blackout spell, but that he was not drunk.

Appellant presents several informal bills of exception concerning the argument of the assistant county attorney. None of these bills reflect reversible error. The first one is leveled at argument complained of as bolstering a witness' credibility. We think the argument was reasonable deduction from the evidence adduced. The complained of argument dealt with the testimony of FBI agent Denton. The evidence showed that he had been an agent for some 25 years and that in the normal course of his duties he did not apprehend "drunks". The prosecutor had stated that this witness had no interest in the case and that he does have a responsible position. We think that it is common knowledge that one who has been an FBI agent for 25 years would have a responsible position.

The second informal bill complaining of improper jury argument is of no consequence and does not reflect error.

The third and last bill complains of the prosecutor stating that "he had never seen a better case of DWI than this one since he has been prosecuting", which appellant's counsel contends was inflammatory and prejudicial. A similar argument was made by the prosecutor in Johns v. State, 157 Tex.Cr.R. 401, 249 S.W.2d 61, in which the state's attorney said: "This is as clear a case of negligent homicide as you will ever have in this county, or in any other county in the State of Texas." We held that the argument did not constitute unsworn testimony but that it was the county attorney's opinion of the evidence. We said in Roberts v. State, 48 Tex.Cr.R. 210, 87 S.W. 147: "We do not believe that the remarks of the county attorney were unauthorized. The mere suggestion that he had tried many cases, but had never tried one where the evidence was as strong as in this, was not of that character as injuriously affected appellant."

We find the evidence sufficient to sustain the jury's verdict. No reversible errors appearing, the judgment is affirmed.