**William Herman COOPER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–89–049–CR.**

Court of Appeals of Texas, Texarkana.

Dec. 5, 1989.

Janet Seymour Morrow, Houston, for appellant.

John B. Holmes, Dist. Atty., Cathy Herasimchuk, Asst. Dist. Atty., Houston, for appellee.

GRANT, Justice.

William Herman Cooper, Jr. appeals his conviction for the offense of murder. The jury assessed punishment at life imprisonment in the Texas Department of Corrections.

Cooper contends that the trial court erred in allowing the prosecutor to comment on his failure to call his mother as a witness and by admitting certain autopsy photographs into evidence.

Cooper was convicted of having shot and killed David Dodge on February 24, 1986, in the Cloverleaf area of Houston. He was accompanied at the time by Connie Shipman and David Hayes. Both Shipman and Hayes testified that Cooper had a .25 caliber pistol that he pointed at Dodge and directed him to get into a van that Dodge had been driving. They further testified that Cooper entered the van along with Dodge and that within moments they heard a shot. Another witness, Robert Ferii, a boyfriend of Cooper's niece, testified that while visiting the niece in Cooper's apartment in February, 1986, he overheard Cooper tell his mother that he had shot a person in the Cloverleaf area. Cooper testified that he had not told his mother that he had killed anyone.

The State interviewed Cooper's mother before the trial and contended that she confirmed that her son had indeed told her that he had killed a man. The State attempted to subpoena Mrs. Cooper for the trial, but the process server was unable to locate her. Cooper did not attempt to subpoena her or to obtain her presence in court as a witness for the defense.

The prosecutor waived opening argument during the guilt-innocence phase of the trial and reserved the right to close. Thereafter, the defense counsel made a closing argument in which he commented on the State's failure to produce witnesses to the shooting, and his remarks included the following:

MR. LIEDTKE [Defense Counsel]: ... Don't you know that if he [a detective investigating the case] was able to get one of the witnesses without a bias, prejudice, fear, criminal record, or any other kind of remote connection to what happened on February 24th 1986 but for they were present and saw what happened? Don't you know that if they could identify William Herman Cooper as being the man who shot the gun who killed David Dodge one of those witnesses would have been presented to you so that he could identify him in the courtroom and said he did it. The absence of that evidence just scares the hell out of me, ladies and gentlemen.

In her closing argument, the prosecutor commented on the fact that Cooper said that he "had to go on the run because he's on parole":

MS. DERBYSHIRE [Prosecutor]: ... Well, use your common sense. If the man didn't do anything, and he's merely standing there his parole is not going to be revoked. All he had to do was stay and tell the police, look, I was here, but I didn't shoot the guy. But he didn't do that. He went home. He packed his bags, oh, and he told his mom he did it because, you know, you just know mom-

ma would be down here in a flash if he didn't say that. They would have called her, said Mrs. Cooper—

MR. LIEDTKE: She knows why Mrs. Cooper isn't here. She's misrepresenting to the jury.

THE COURT: This is argument, Counsel. Counsel, have a seat.

MS. DERBYSHIRE: May I respond to that, Your Honor?

THE COURT: Yes, you may.

MS. DERBYSHIRE: You though (sic) without a doubt that Mrs. Cooper would be here, and she would be telling you everything, and you know that this man could put her on the witness stand. And there's nothing she could do because he's got the same subpoena powers as me and can bring anybody here and, therefore, there's only one reason that she's not here and that's because it's true.

MR. LIEDTKE: That is outside the record, Your Honor. And it's also a misrepresentation of known facts, prosecutory misconduct.

THE COURT: Overruled. And I don't know anything to support your position on that, Counsel.

MR. LIEDTKE: Can we have a hearing now?

THE COURT: No. We can hear it as soon as the jury is gone.

MR. LIEDTKE: It's too late, Judge.

THE COURT: No, it isn't. It can be corrected if it is.

Later, after the jury retired to deliberate, the trial court granted the defense a hearing on the objection, during which the defense counsel requested a mistrial:

MR. LIEDTKE: Ms. Derbyshire knew full well prior to her making her closing argument that Mrs. Cooper, the defendant's mother, was not available to the court, that she had been subpoenaed. And there's really even a question as to whether she had been subpoenaed, but that she wasn't available to the Court. She knew that the process server had gone out there to try to bring them in, the niece and the mother and that Ray reported back to her and to me there wasn't anybody out there. She misrepre-

sented to the jury we could call Mrs. Cooper, but she knew full well Mrs. Cooper was not available. We'd ask for a mistrial on that ground.

. . . .

THE COURT: Overruled. . . .

Cooper argues that the trial court erred in overruling his objection to the prosecutor's argument concerning his failure to call his mother as a witness. He contends that the comment was improper because his mother was not available to testify.

█ The general rule is that the State may comment in argument on the failure of a defendant to call competent and material witnesses, and the State may also argue that the reason for such failure is that any such testimony would be unfavorable to his defense. *Carrillo v. State*, 566 S.W.2d 902 (Tex.Crim.App. [Panel Op.] 1978); *Torres v. State*, 552 S.W.2d 821 (Tex.Crim.App.1977) (failure to call sister); *Fisher v. State*, 511 S.W.2d 506 (Tex.Crim.App.1974) (failure to call wife); *Benjamin v. State*, 109 Tex. Crim. 108, 3 S.W.2d 91 (1927). An exception to this rule is when the witness, through no fault of the defendant, is not available to testify on behalf of the defendant. Where the defendant complains about such comments, he must show that the witness was not available or within his subpoena power. *Mutscher v. State*, 514 S.W.2d 905 (Tex.Crim.App.1974).

█ In the present case, Cooper contends that as a matter of law, the fact that the State had not been able to serve the witness with a subpoena showed that the witness was not available to him. The trial judge had before him the fact that the missing witness was a close relative of Cooper, the fact that Cooper had talked with his mother before the trial, and the fact that Cooper had not subpoenaed this witness or sought a continuance on the basis of her unavailability. Under the circumstances, the trial court could properly determine that the fact that this witness was unavailable to the State did not prove that the witness would not be available to her son.

■ Cooper next urges that the trial court erred in admitting two autopsy photographs of the victim, Exhibits 2 and 12, because their prejudicial value outweighed their probative value. Exhibit 2 is a facial view of the decedent's upper torso. It shows a nasal gastric suction tube, a tracheal airway, and lateral chest stitches and vertical torso stitches on the body. Exhibit 12 is a side view of the torso from below the neck to a few inches below the genital area.

Dr. Jordan, an assistant medical examiner for Harris County, testified that he had performed an autopsy on the victim's body. He further testified that Exhibits 2 and 12 fairly and accurately depict the condition of the body at the time of the autopsy, that Exhibit 2 fairly represents the decedent and the condition in which he arrived at the Harris County morgue, and that the photograph contains the autopsy case number and the date on which the autopsy was performed. Defense counsel objected to these two and one other photograph of decedent's body on the ground that they were prejudicial and not probative of any issue, although he conceded that Exhibit 12 showed the entry wound on the body. In a colloquy among the trial judge, prosecutor, and defense counsel, the judge asked the purpose of the photographs. The prosecutor replied that one of the photographs was needed to show the number of the autopsy (recorded on the photograph) and that the other was needed to show the entry wound. The defense counsel offered to stipulate that the autopsy was performed on the victim David Dodge, but the prosecutor declined the offer. The trial judge admitted two of the photographs, Exhibits 2 and 12, and refused to admit the third.

The autopsy report was entered into evidence without objection. Thereafter, Dr. Jordan read from it a description of the body as it appeared in the admitted photographs, and he also used the photographs in testimony to indicate the path of the bullet through the decedent's body. This testimony was also without objection.

Cooper contends that the Court of Criminal Appeals has abandoned the long-standing rule that if a verbal description of the scene depicted in a photograph is admissible, the photograph depicting the same scene is admissible. See Martin v. State, 475 S.W.2d 265 (Tex.Crim.App.1972). He cites language from Burdine v. State, 719 S.W.2d 309, 316–17 (Tex.Crim.App.1986), in which that court stated that the controlling factor in determining whether the trial court erred in admitting photographs is whether the probative value of the photographs was outweighed by their prejudicial effect. In Burdine, however, the court admitted photographs of a murder victim even though they were grisly, detailed views of the body covered in blood and were cumulative of other evidence, holding that their probative value was not outweighed by their prejudicial effect. In Reimer v. State, 657 S.W.2d 894 (Tex. App.–Corpus Christi 1983, no pet.), also cited by Cooper, the court stated that it was unable to hypothesize a homicide situation where the descriptions of the body or the scene are inadmissible since such descriptions normally provide essential information about the issues involved in a homicide. That court also noted that it had not found a case in which an appellate court in Texas had reversed a conviction because the prejudicial effect of the admitted photographs outweighed their probative value.

In Losada v. State, 721 S.W.2d 305 (Tex. Crim.App.1986), the court reiterated its holding in Martin v. State, 475 S.W.2d 265, that even though a photograph was gruesome it would be admissible if a verbal description of the scene was admissible. More recently, that court again reiterated its holding in Martin in the case of Jackson v. State, 745 S.W.2d 4 (Tex.Crim.App. 1988). In that case, the defendant objected to admission of photographs showing a deceased person prior to the autopsy, claiming it was gruesome, inflammatory, and prejudicial. The court held that the photographs demonstrated the condition of the body or clearly showed the fatal wound and was relevant as to its location, and they illustrated the facts which led the medical examiner to his conclusions.

In a recent case, Lucas v. State, No. 69,325 (Tex.Crim.App., March 22, 1989) (not

yet published), the court once again cited its decision in *Martin* and held that "[t]he standard today, of course, is if a verbal description of the scene depicted in the photogragh (sic) would be admissible, a photograph depicting the same content is also admissible," also citing *Jackson v. State*, 745 S.W.2d 4, and *Losada v. State*, 721 S.W.2d 305.

Cooper's argument that the Court of Criminal Appeals has moved away from its rule set forth in *Martin* is belied by that court's holdings in *Lucas, Jackson,* and *Losada* affirming the rule in *Martin*.

In the present case, Dr. Jordan testified without objection from Cooper as to the condition of the body and described its appearance as shown by the photographs. We conclude that under the rule laid down by the Court of Criminal Appeals the two photographs in question were competent, material, and relevant to issues raised at trial and that the trial court did not abuse its discretion in admitting them.

The judgment of the trial court is affirmed.