Affirmed and Memorandum Opinion filed January 6, 2009








Affirmed and Memorandum Opinion filed January 6, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00762-CR

____________

 

BAKARI D. HOLLAND, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court 

Harris County, Texas

Trial Court Cause No. 1073124

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Bakari Holland, was charged by indictment with
aggravated robbery.[1] 
He pled Aguilty@ to the offense,
and the jury subsequently assessed punishment at sixty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice. 
Appellant raises a single issue on appeal in which he contends the trial court
allowed the State=s attorney to engage in improper jury
argument during her closing argument.  We affirm.








Background

Throughout the evening on June 13, 2006, appellant and two
friends robbed several people at gunpoint.  First, appellant forced three
minors to give him their jewelry after determining they did not have any cash. 
Appellant and his friends then noticed Luis Garcia talking on a pay phone with
his white Suburban parked nearby.  Garcia=s wife, Maricell
Vargas, was inside the vehicle with their four children.  Appellant pointed his
gun at Garcia and demanded money, and then decided to take Garcia=s Suburban. 
Appellant forced Vargas out of the vehicle at gunpoint and removed the youngest
child, two-year-old Stephanie, from the front seat while one of his friends
removed the other children from the back seat.  Appellant, who was driving,
started the car and reversed a short distance before leaving the scene.  As he
drove away, appellant ran over Stephanie, killing her.  Testimony offered
during the punishment proceedings indicated appellant realized immediately that
he had run over the child.  Appellant then robbed another unrelated pedestrian
at gunpoint.  Appellant was charged with and pled Aguilty@ to aggravated
robbery.  The jury sentenced him to sixty years= confinement. 

On appeal, appellant argues the trial court erred in
overruling his objections to the prosecutor=s allegedly
improper jury argument.  Specifically, appellant contends the prosecutor sought
to inject her personal opinion, and forced the jurors to consider speculative
and extraneous matters outside the record.  Appellant complains of the
following three jury arguments by the State:

(1) PROSECUTOR:  Ladies and gentlemen, this is a life
case.  You know it as soon as he comes across your desk at the DA=s office. 

 

(2) PROSECUTOR:  Most of you probably recognize exactly who
Bakari Holland is. . . . But every now and then there=s a juror who sympathizes.  I=ve done this a bunch of times, and
I=ve seen it happen.

 








(3) PROSECUTOR:  And the third thing that I want you to consider when
you go back there is that family, and that mother and that child.  And I asked
you because I=m sometimes amazed that the jury,
in one of my cases, forgets about them.

Analysis 

A. Jury Argument

The purpose of
closing argument is to facilitate the jury=s analysis of
evidence presented at trial to arrive at a just and reasonable conclusion based
on the evidence alone and not on any fact not admitted into evidence.  Campbell
v. State, 610 S.W.2d 754, 756 (Tex. Crim. App. [Panel Op.] 1980).  The four
permissible areas of jury argument are (1) summation of the evidence; (2)
reasonable deductions drawn from the evidence; (3) answer to opposing counsel=s argument; or (4)
a plea for law enforcement.  Jackson v. State, 17 S.W.3d 664, 673 (Tex.
Crim. App. 2000); Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App.
1999).  Even when a jury argument exceeds these approved areas, it will not
constitute reversible error unless the argument is extreme or manifestly
improper, violative of a mandatory statute, or injects new facts harmful to the
accused into the trial proceeding.  Wesbrook v. State, 29 S.W.3d 103,
115 (Tex. Crim. App. 2000).  A statement made during jury argument must be
analyzed in light of the entire argument, and not only by isolated sentences.  Castillo
v. State, 939 S.W.2d 754, 761 (Tex. App.CHouston [14th
Dist.] 1997, pet. ref=d).  The State is allowed wide latitude in
drawing inferences from the evidence as long as the inferences drawn are
reasonable and offered in good faith.  Cantu v. State, 939 S.W.2d 627,
633 (Tex. Crim. App. 1997).  However, the State may not use the jury argument
to bring before the jury, either directly or indirectly, evidence which is
outside the record.  Borjan v. State, 787 S.W.2d 53, 57 (Tex. Crim. App.
1990).  The effect of such an argument is to request the jury to determine the
punishment of the accused based on collateral matters which were interjected by
way of the jury argument.  Id. 








Appellant claims the prosecutor improperly injected her
personal opinion regarding punishment when she said, Athis is a life
case.@  The State argues
the prosecutor was responding to appellant=s plea for lenient
punishment.  It is improper for a prosecutor to inject personal opinion because
jurors may infer that the prosecutor=s opinion was
based on outside information not available to the jury.  Boyd v. State,
643 S.W.2d 700, 706 (Tex. Crim. App. [Panel Op.] 1983); Bui v. State,
964 S.W.2d 335, 345 (Tex. App.CTexarkana 1998, pet. ref=d).  However, a
prosecutor may argue her opinion concerning issues in the case so long as the
opinion is based on the evidence in the record and does not constitute unsworn
testimony.  Bui, 964 S.W.2d at 345.  Moreover, it is well settled that
the prosecutor may answer jury argument by opposing counsel if the response
does not exceed the scope of the invitation.  Andujo v. State, 755
S.W.2d 138, 144 (Tex. Crim. App. 1988).  

Here, the prosecutor stated her opinion that appellant
should be sentenced to life in prison after defense counsel requested that the
jury sentence appellant to ten years and recommend probation.  A prosecutor may
recommend that the jury assess severe punishment when it is based on the evidence. 
See Sneed v. State, 734 S.W.2d 20, 25 (Tex. App.CSan Antonio 1987,
pet. ref=d).  A fair
reading of the record shows that her opinion was based on the evidence. 
Aggravated robbery is a first degree felony punishable by imprisonment Afor life or for
any term of not more than 99 years or less than 5 years.@  Tex. Penal Code
Ann. '' 12.32(a),
29.03(b) (Vernon 2003).  Given the egregious conduct of appellant in this case,
the prosecutor properly asked the jury to sentence appellant to the most severe
punishment available.  During her closing, in response to the defense argument
that Stephanie=s death was a tragic accident, the prosecutor likened
appellant=s behavior to playing Russian roulette with the lives
of others.  She focused on the severity of the crimes committed and the
foreseeability that appellant=s reckless behavior could result in
someone=s death.  Thus,
statement (1) represents a fair recommendation of severe punishment based on
the evidence, as well as a proper response to defense counsel=s argument for
leniency. 








Regarding statements (2) and (3), appellant argues the
prosecutor improperly referred to conduct by jurors she has encountered in past
cases, when she asked the jury not to sympathize with appellant and to remember
the victims during deliberation.  Appellant contends these statements were
meant to convince the jury to hold appellant responsible for  previous cases
incorrectly handled by other juries.  However, as long as a prosecutor does not
describe other cases in detail during her argument, she may generally compare
and contrast the case she is arguing with other cases.  Tatum v. State,
649 S.W.2d 139, 141 (Tex. App.CFort Worth 1983, pet. ref=d) (citing Williams
v. State, 535 S.W.2d 637 (Tex. Crim. App. 1976); Shipp v. State, 482
S.W.2d 870 (Tex. Crim. App. 1972); Brummett v. State, 384 S.W.2d 708
(Tex. Crim. App. 1964)).  

We hold the trial court did not err in overruling appellant=s objection to
these statements, because no mention was made as to any specific verdict or
circumstances surrounding any other case.  See Williams, 535 S.W.2d at
640.  Like statement (1), the prosecutor made statement (2) in response to
defense counsel=s prior argument.  During closing, the
defense attempted to invoke sympathy from the jury by focusing on appellant=s troubled
childhood, learning disability, and his below-average I.Q.  The prosecutor=s request that the
jury avoid sympathizing with appellant was offered in response to that
argument.  See Andujo, 755 S.W.2d at 144.  The record indicates
the prosecutor asked the jury to avoid compassion toward appellant in response
to appellant=s plea for sympathy.  Therefore, the prosecutor did
not act improperly in making  comment (2) in response to defense counsel=s argument.  

Statement (3) was uttered as part of a broader plea for law
enforcement.  We have upheld similar statements reminding the jury to consider
the victims of the crime, as proper pleas for law enforcement.  Ayala v.
State, 267 S.W.3d 428, 435 (Tex. App.CHouston [14th
Dist.] 2008, pet. filed); Torres v. State, 92 S.W.3d 911, 923B24 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d).  Here, as in those cases, the
prosecutor=s request did not inject any undue prejudice or other
arbitrary factor which unfairly influenced the jury=s recommendation
as to punishment into the penalty proceeding.  See Torres, 92 S.W.3d at
924.  Thus, we hold statement (3) was a proper plea for law enforcement.  

 








B.
Harm Analysis 

Moreover, even were we to assume error, we conclude such
error would be harmless.  Improper jury argument is reviewed under a
nonconstitutional harm analysis.  Tex. R. App. P. 44.2(b); Threadgill v.
State, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004).  Under Rule 44.2(b), the
reviewing court disregards the error if it does not affect the defendant=s substantial
rights.  Tex. R. App. P. 44.2(b); McGowen v. State, 25 S.W.3d 741, 745
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  A substantial
right is affected when the improper jury argument has a substantial and
injurious effect or influence on the jury=s verdict.  McGowen,
25 S.W.3d at 745 (citing King v. State, 953 S.W.2d 266, 271 (Tex. Crim.
App. 1997)).  Determining whether harm exists requires a balancing of the
following factors: (1) severity of the misconduct (the magnitude of the
prejudicial effect caused by the State=s improper jury
argument); (2) curative measures (the effectiveness of any cautionary
instruction given by the trial court); and (3) certainty of conviction absent
the misconduct (the strength of the evidence supporting the conviction).  Torres,
92 S.W.3d at 924 (citing Mosley v. State, 983 S.W.2d 249, 259 (Tex Crim.
App. 1998)).  Because the argument here occurred during punishment, the third
factor is accordingly modified.  Id. 

With respect to the first factor, the prejudicial effect
was minimal.  The complained-of statements were only a small portion of the
State=s overall closing
argument, which emphasized the reckless nature of appellant=s conduct toward
multiple victims and his violent temperament in general.  The prosecutor also
asked the jury to give justice to the victims by recommending what she
considered to be a fair punishment.  As to the second factor, no curative
action was requested nor taken.  Finally, we conclude that, given appellant=s violent nature,
his apparent lack of remorse after running over the child, and the egregious
conduct appellant demonstrated, the complained-of argument had little to no
effect on the 60-year sentence assessed by the jury.  Therefore, the error, if
any, did not affect appellant=s substantial rights.  Accordingly, the
sole issue presented on appeal is overruled.  

 








Conclusion

We hold the trial court did not err in overruling appellant=s objections to
the State=s closing argument.  The judgment of the trial court
is affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Senior Justice

 

 

 

 

Panel consists of
Justices Anderson and Frost, and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 









[1]  See Tex. Penal Code Ann. ' 29.03 (Vernon 2003).





*  Senior Justice J. Harvey Hudson sitting by
assignment.