## JAMES WALTER LORRAINE V. STATE

No. 28,479. October 31, 1956.

*Percy Foreman* and *King C. Haynie* (of counsel on appeal only) both of Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder without malice; the punishment, five years in the penitentiary.

The testimony shows without dispute that the appellant was operating his cafe at the time in question, decided to close it, and went to his residence located about 75 feet to the rear of the cafe to get the keys. He left the deceased in the cafe and Eldon Jett followed him to the outside. Upon appellant's return Jett had re-entered the cafe and was seated at the counter, and the deceased was behind the counter with his hand in the cash register. Appellant asked deceased if he hadn't told him several times to stay away from his cafe and deceased replied that he was taking care of the customers. Deceased then came from behind the counter and met the appellant. The testimony is conflicting as to which one struck the first blow. Then they be-

gan fighting and shortly thereafter the appellant was able to get his pistol from under the counter and shot the deceased.

It was shown that the deceased's death was caused by internal hemorrhage in the chest cavity as the result of two gunshot wounds.

Appellant complains of the court's refusal to permit him to exhibit to the jury the scar over his right eye which was caused by the deceased striking him at the time of the commission of the offense here charged.

This request to exhibit the scar occurred while the witness Watson was testifying and after he was asked if he could see the scar on the appellant and he replied that he couldn't be sure. Appellant while testifying stated that the deceased injured him above the eye, then identified two photographs of the injury, one with the bandage over the injury and the other with the bandage removed. Both photographs were introduced in evidence. No offer or request was made while the appellant was testifying to have the scar exhibited to the jury. We perceive no error.

Appellant contends that the uncontradicted evidence shows that the appellant killed the deceased while he was committing theft at night.

Mrs. Lorraine testified that she and the appellant checked the money in the cash register and the cigar box at 9:30 P.M. and it totalled $151. The deceased was killed about 10:30 P.M. The investigating officers took $107.49 from the cash register and the cigar box. The coroner removed $44 from the clothing of the deceased. Witness Hight testified that in the absence of appellant (while he was gone for the keys) he paid the deceased for two bottles of beer; that the deceased then gave another person (Jett) in the cafe some money and told him to play the juke box, but that he didn't know whose money the deceased gave away. Appellant testified that when he returned with the keys the deceased had his hands in the cash register and the cigar box, and that he saw him giving some money to Jett.

The testimony does not show conclusively that the deceased unlawfully took any of appellant's money. The trial court submitted in his charge the defense of justifiable homicide in the prevention of theft at night and the jury resolved this issue

against the appellant. Since the appellant did not testify that he killed the deceased to prevent him from stealing his money but rather testified that he killed the deceased during the course of a fight because he was afraid of him, we would not be authorized to hold that, as a matter of law, the evidence shows the killing was for purposes of preventing the consequences of theft as provided by Art. 122, Vernon's Ann. P.C. No error is here shown.

Appellant complains of the court's refusal to submit to the jury the issue of whether he made any oral statement to the officers while under arrest as to the whereabouts of the pistol in question.

The arresting officers testified that appellant while at the scene told them where the pistol was with which he shot the deceased and also told them how the shooting occurred.

Appellant testified that he did not have any independent recollection of laying the pistol on the table in the kitchen and could not and did not tell the officers where it was.

Appellant testified on cross-examination before the jury that during the fight with the deceased he was able to get his pistol from under the counter, shot the deceased, left the pistol in the cafe, and recalled shooting the gun three times.

Appellant while testifying further on cross-examination admitted that he signed a written statement at the sheriff's office and that the name signed to the written statement was his signature and would not deny making the statement and made no complaint in his testimony as to the taking of the written statement. The recitations in the statement related facts and circumstances surrounding the shooting. It was introduced in evidence by the state.

The complaint of the court's refusal to charge the jury as to whether he made the oral statement does not show error because the facts which the state contends were related to the officers about the location of the pistol and the killing at the time of the oral statement complained of are in substance in evidence from his testimony. White v. State, 150 Tex. Cr. R. 546, 203 S.W. 2d 222; Garcia v. State, 151 Tex. Cr. R. 593, 210 S.W. 2d 574.

The court charged the jury on the law as applicable to self-defense.

The jury resolved the issues of fact against the appellant and we find the evidence sufficient to support their verdict.

The judgment is affirmed.

Opinion approved by the Court.